WILLIAM THORNBERRY, Appellant, v. OLD JUDGE MINING COMPANY, Respondent.

Kansas City Court of Appeals, November 4, 1907.

1. **MASTER AND SERVANT: Negligence: Contributory Negligence: Mining.** Where the whole work, its manner and time of performance, as well as the tools and the character and repair of the same and when the necessity to repair arose, are left at the discretion and control of the servant, the master is not liable for the injury of the servant resulting from defects connected therewith; and evidence relating to the explosion of a cartridge in placing it in a drill hole is reviewed, and the master is held not liable for the explosion.

2. ———: ———: **Personal Injury: Proximate Cause.** When the injury complained of may have resulted from either of several causes for only one of which the party sued is liable, the complainant must show with reasonable certainty that that one cause produced the injury.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

(1) Defendant was negligent in providing drills that would not bore holes large enough to properly receive the explosives which plaintiff was required to use, and plaintiff did not assume the risk arising from that negligence although he may have been cognizant of the increase of danger resulting from the undersize of the drills. Dakan v. Mercantile Co., 197 Mo. 238; Cole v. Transit Co., 183 Mo. 91; Curtis v. McNair, 173 Mo. 280; Pauck v. Beef Co., 159 Mo. 477; Settle v. Railroad, 127 Mo. 342. (2) Plaintiff did not relieve or release defendant from its duty to furnish ordinarily safe tools and appliances with which to work, by using the drills in controversy, without complaint, with knowledge that

said tools and appliances were not ordinarily safe. Blanton v. Dold, 109 Mo. 75; Settle v. Railroad, 127 Mo. 343; Pauck v. Prov. Co., 159 Mo. 477. (3) Although plaintiff may have been cognizant of all the elements of danger attending his work he is not barred of a recovery unless he was guilty of contributory negligence, and contributory negligence is ordinarily a question for the jury. Dakan v. Mercantile Co., 197 Mo. 238. (4) It is negligence in the master to overburden his servant where the excessive duties augment the danger of the employment. McMullen v. Railroad, 60 Mo. App. 231; Haviland v. Railroad, 172 Mo. 116.

*Brown & Mooneyham* and *A. E. Spencer* for respondent.

(1) Plaintiff's evidence leaves the cause of the explosion a matter of conjecture and speculation. It might have resulted from a number of causes, according to his own testimony. Caudle v. Kirkbride, 117 Mo. App. 412; Warner v. Railroad, 178 Mo. 134; Shore v. Bridge Co., 111 Mo. App. 278; Browning v. Railroad, 106 Mo. App. 729; Goransson v. Mfg. Co., 186 Mo. 300; Purcell v. Shoe Co., 187 Mo. 276; Trigg v. Co., 187 Mo. 227. (2) There is no evidence tending to show that the size of the drill-hole, or plaintiff's duties with the pump, caused the explosion. Knorpp v. Wagner, 195 Mo. 667. (3) Under no theory of the case was plaintiff entitled to recover. This is not even a case of a defective instrument. The drill steel was perfect of its kind. Plaintiff knew its size, the size of the hole he had drilled, the condition of the loose powder therein, and had to determine for himself, on his own judgment how far he would insert the shot and how hard he would push. Caudle v. Kirkbride, 117 Mo. App. 412; Whaley v. Coleman, 113 Mo. App. 594; Knorpp v. Wagner, 195 Mo. 637; Livengood v. Co., 179 Mo. 229. (4) The cases cited by appellant are on mere question of a servant continu-

ing at work when he knows of a defect in the instrument with which he works. (5) The rule is well settled that where contributory negligence of the plaintiff is shown by his own proof, it is no ground of objection that defendant did not specially plead it. Chaney v. Railroad, 176 Mo. 598; Warnington v. Railroad, 46 Mo. App. 159; Hudson v. Railroad, 101 Mo. 13; Milburn v. Railroad, 86 Mo. 104.

ELLISON, J.—This action is to recover damages for personal injury received by plaintiff while employed in defendant's service by reason of an explosion of dynamite. At the close of the evidence in plaintiff's behalf the trial court sustained a demurrer thereto and plaintiff took a nonsuit with leave to move to set it aside, which the court afterwards refused to do.

Plaintiff was engaged in mining for defendant and at the time of the explosion was engaged in pushing with a tamping bar a stick of dynamite combined with a fuse and cap into a drill hole. In order to make a proper explosion a cap is fastened onto the end of a fuse. The end of the fuse carrying the cap is then put through a small hole punched horizontally through the end of the stick of dynamite. The cap end of the fuse is then carried along the stick and is embedded near the other end. The drill hole should be large enough so that the stick of dynamite can be inserted into it without pulling the cap out from where it has been inserted, as it is being pushed into the hole.

The negligence charged is in the selection and preparation of the steel drills with which to drill the holes for the reception of the sticks of dynamite, and also lack of sufficient help. The drill furnished was alleged to be too small and made a hole not large enough to receive the dynamite with the fuse and cap attached. Defendant's answer was a general denial.

The evidence in plaintiff's behalf showed him to be

a miner of eight years' experience and three years in handling explosives. He had been the "head man" in drill work for over a year and had an assistant. The drilling was done by a machine operated by compressed air. The best of drills would become worn by use and it was the duty of the drill man to send them out to a blacksmith when necessary to have them sharpened. It was shown that the drill in use at the explosion was some smaller than was usually used and that defendant's superintendent had been informed of it, though plaintiff himself never complained of it. But he had been using such sized drill, sharpened or widened by the same blacksmith, for two or three months and exploding dynamite in the holes made with them three or four times daily. The bar with which he pushed and tamped the dynamite to place had a wooden plug in the end. He had allowed this wooden plug or end to become defective in that it had become worn so that it ought to have had a new plug. He had attempted to fix it with his knife. He would have sent it out to be fixed but never thought of it when he had time. He determined for himself the depth of the holes and how to put in the sticks of dynamite. He knew the size of his drills, the size of the hole made, the size of the sticks of dynamite. He used his own judgment in the force necessary to get the stick in place. He knew that pushing too hard would explode it, and he knew there was loose powder in the hold which made it smaller. He stated more than once that at the time of the explosion he was pushing hard on the tamping bar. He was then asked and answered the following question in the following way: "And as you got the powder part of the way you felt resistance and you undertook to jam it through to overcome that resistance?" Ans. "I was pushing pretty hard."

In our opinion two propositions destroy plaintiff's case, either justifying the court in giving the peremptory instruction for defendant. His evidence discloses con-

clusively that he was guilty of contributory negligence. The whole work, its manner and time of performance, as well as the tools, the character of tools and the repair of the same, and when the necessity arose to repair, were at his direction and under his control. Nothing short of an announcement that the master must absolutely insure the servant against injury would justify holding the defendant liable, under the case made. The authorities cited for plaintiff are not applicable to the case as disclosed by the record.

Again, there is nothing but the merest conjecture to show which of several causes made the explosion. It might have been caused by plaintiff's improper mode of tamping or pushing the dynamite in; or by loose powder in the hole; or by improper placing of the cap, etc. If these, defendant was of course not liable. As has been so frequently stated: "When the injury of which complaint is made may have resulted from either of several causes, for only one of which the party sued is liable, it is for the complainant to show with reasonable certainty that the cause for which the party is liable produced the result." [Warner v. Railway, 178 Mo. 125, 134; Caudle v. Kirkbride, 117 Mo. App. 412.]

The judgment is affirmed. All concur.