## T. A. MORGAN, Respondent, v. TEMAGAMI MINING COMPANY, Appellant.

**Kansas City Court of Appeals, March 1, 1909.**

MASTER AND SERVANT: Negligence: Different Causes: Evidence: Demurrer. The evidence tended to show that a personal injury to a miner might have arisen from three distinct causes, viz.: the looseness of the frame in a drilling machine, the action of the drill itself in entering the rock and the pick of the injured miner in loosening the rock. *Held*, a demurrer to the evidence should have been sustained, since if an injury may have resulted from more than one cause, for one of which the master is liable and for the other of which he is not, it is necessary for the servant to prove in the first instance that the injury arose from the cause for which the master is liable, for neither court nor jury may guess from which cause the accident happened.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

REVERSED.

*A. E. Spencer* for appellant.

*D. M. Roper* for respondent.

JOHNSON, J.—Plaintiff sued to recover damages for personal injuries received by him while in the employment of defendant. A trial to a jury resulted in a judgment for plaintiff. Defendant was engaged in mining in Jasper county and employed plaintiff as helper to the operator of a machine drill. The operator

136 App—16

assisted by plaintiff attempted to drill a hole in a perpendicular wall of hard flint. The point selected was about four and a half feet above the floor and the hole was intended to be run on a lateral slant of about forty-five degrees. Finding it difficult to start the hole owing to the fact that the drill would not take hold but slipped, plaintiff took his pick and, standing in front of the drill facing it, attempted by picking at the place where the drill was working to help start the hole. A spall weighing about a pound and a half flew off and struck plaintiff on the left foot inflicting an injury.

Plaintiff contends that a defect in the machine was the proximate cause of the injury and that defendant was negligent in providing its servants with a defective and dangerous machine with which to work. His evidence tends to show that the sash or frame which held the drill in place was worn to an extent to allow the drill more play than it would have had in a proper sash. But we think the evidence of plaintiff fails to show a causal connection between this defect and his injury. Drill and pick were operating on the wall simultaneously at the place where the spall was detached. Plaintiff testified:

"Q. You were striking with your pick right at the point where you were trying to make the bit take hold? A. Yes, Q. And the object in striking was to break the surface of the rock so the bit would take hold? A. Yes, sir. . . . Q. And while you were striking with your pick and the drill was running, this little piece fell, while you were doing that, this rock fell? A. Yes. . . . Q. And you don't know what did break it off, whether the drill or the pick? A. No, sir. Q. You were simply working there, trying to break off some of this rock or something, and broke some of it off? A. Yes, sir."

The operator of the machine introduced as a witness by plaintiff did not know "whether the pick knocked the rock off or whether the machine knocked it off."

He states it was difficult to start the hole with the drill owing to the hardness of the material and the angle at which the hole was to be drilled. If plaintiff himself detached the spall by striking the wall with his pick, it goes without saying that his injury was the result of his own act and not of any negligence of defendant. If the drill did it, still it would not necessarily follow that the defect in the sash had any causal connection with the detachment of the spall. It is just as reasonable to attribute the result to the character of the rock and the direction from which the force was exerted as it would be to believe that the play of the drill was the producing cause. Thus it appears from the evidence of plaintiff that at least three different and independent causes of the injury are fairly and about equally inferable. For two of them defendant would not be liable. In choosing among them, the jury were bound to indulge in guess work and for this reason, the demurrer to the evidence should have been sustained. Frequent recognition has been given in this State to the rule that "if the accident might have resulted from more than one cause, for one of which the master is liable and for the other he is not liable, it is necessary for the plaintiff to prove in the first instance that the injury arose from the cause for which the master is liable, for it is not the province of a court or jury to speculate or guess from which cause the accident happened." [Goransson v. Mfg. Co., 186 Mo. 300; Browning v. Railway, 118 Mo. App. 449; Thornberry v. Old Judge Mining Co., 126 Mo. App. 660; Trigg v. Ozark Land Co., 187 Mo. 227.]

The judgment is reversed. All concur.