JAMES LEE PIPPIN, Appellant, v. WILL F. PLUMMER CONSTRUCTION COMPANY, Respondent.

**Springfield Court of Appeals, January 30, 1915.**

1. **MASTER AND SERVANT: Personal Injuries: Digging Sewer Ditch: Review of Evidence.** Action for personal injuries to a servant shoveling in a sewer ditch, the injury being occasioned by dirt and rock rolling from the top of the ditch, where they had been thrown down, upon plaintiff. Evidence reviewed.

2. **NEGLIGENCE: Never Presumed: Personal Injuries.** In an action for personal injuries negligence is never presumed.

3. ————: **Personal Injuries: Prerequisites to Recovery: Prima-facie Case.** Plaintiff in a personal injury suit in order to recover must establish a prima-facie case upon the specific charge of negligence in his petition.

4. **MASTER AND SERVANT: Place of Work: Master's Duty as to.** A master is not an insurer of the safety of the place where the servant is put to work. It is only incumbent on him to exercise ordinary care to make the place reasonably safe.

5. ————: **Servant's Injuries: What Must be Shown to Warrant Recovery.** In an action for personal injuries to entitle the servant to recover he must offer proof of the negligence of the master and connect the same with the injury as its cause.

6. **NEGLIGENCE: Specific Acts Charged: Res Ipsa Loquitur.** Where a specific act of negligence is charged the *res ipsa loquitur* doctrine is not applicable.

7. ————: **Inferences.** Negligence is not always the subject of direct proof but may be inferred from the facts put in evidence.

8. **MASTER AND SERVANT: Injuries to Servant: Several Possible Causes: Conjecture.** Where an accident might be attributable to more than one cause for one of which the master is liable, but not for the others, to warrant a recovery the plaintiff must prove that the injury arose from the cause for which the master is liable. A jury or court cannot guess or speculate from which cause the accident happened.

9. **NEGLIGENCE: Burden of Proof.** In a personal injury suit the burden of proof is on the plaintiff to establish, directly or by just inference some lack of care on the part of the defendant to which the injury of the plaintiff might fairly and reasonably be traced.

10. ————: **Master and Servant: Injuries to Servant.** In an action for personal injuries by a servant who, while engaged in digging a ditch for the master, was injured by rock and dirt falling back on him from the place where he had thrown it from the ditch, evidence considered insufficient to establish negligence on the part of the master.

11. **MASTER AND SERVANT: Master's Duty as to Place of Work: Rule: Exception.** While as a general rule the master must use ordinary care in making the place for the servant's work reasonably safe and must keep it so, there is an exception where the character of the work is continually changing and where its very execution to a successful completion necessarily renders the place unsafe. The master fulfills his obligation

in that event when he furnishes a reasonably safe place to begin with and competent help whose duty it is to keep the place in a safe condition.

12. ———: Duties Incident to Employment: Master's Reliance on Servant. A master may rely upon his servant to perform the intermediate, ordinary and simple duties incident to the servant's employment which rest upon the servant's knowledge and skill.

13. MASTER AND SERVANT: Fellow-servant: Negligence. Action by a ditch digger for injuries ocasioned by dirt and rock which he had thrown out of the ditch rolling back upon him. The master had provided competent men to work on top whose duty it was to throw back the dirt and rock when thrown from the ditch. *Held*, that if the plaintiff's injury was the result of negligence on the part of anyone it was on the part of the top men and as they were fellow-servants with plaintiff recovery could not be had. .

Appeal from Green County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*F. T. Stockard*, and *Williams & Galt* for appellant.

(1) Negligence is not a fact which is subject to direct proof, but an inference from the facts put in evidence. Baird v. Railroad, 146 Mo. 280; Adams v. Railroad, 160 S. W. 38. (2) The court cannot make inferences of fact in favor of defendant to overthrow either presumptions of law or inferences of fact in favor of plaintiff. Frick v. Railroad, 75 Mo. 601; Buesching v. Gas Light Co., 73 Mo. 230; Franke v. St. Louis, 110 Mo. 525. (3) The jury are entitled to draw, from the facts that are shown, a reasonable and natural inference. The very fact that "a whole lot of dirt and rock rolled back on me" is some evidence that the dirt had collected and that the defendant had not kept it back. Negligence like any ultimate fact in issue, may be established as well by reasonable inference from other facts as by direct means of proof.

Adams v. Street Railway, 174 Mo. App. 5, and cases cited; Blanton v. Dold, 109 Mo. 64, and cases cited; Barnowiski v. Helson, 89 Mich. 523. (4) If the instrumentality which did the damage was under the management of a person, and the accident was such as does not happen in the ordinary course of events if the instrumentality which cause it is handled with due care, the inference of negligence may be drawn from the testimony. Fleishman v. Ice and Fuel Co., 148 Mo. App. 125. (5) The exigencies of plaintiff's duty as a faithful employee required that he work hard and fast —watch the bottom of the ground—not the top, and he had the right to entertain confidence that the master's personal obligation to keep the mouth of the ditch clean so that dirt would not collect and roll back on him would be met. Blanton v. Dold, 109 Mo. 76-77.

*Barbour & McDavid* for respondent.

(1) There is no evidence to support the specific negligence charged in plaintiff's petition, and, hence, the defendant's demurrer was properly sustained by the trial court. There is no evidence to show that the dirt and rock thrown out of the ditch by the plaintiff ever accumulated at the edge of the ditch or anywhere near it and there is no evidence to show any connection between that dirt and that which fell back. Bowman v. Car & Foundry Co., 226 Mo. 53; Beebe v. Transit Co., 206 Mo. 419; Fuchs v. St. Louis, 167 Mo. 635, Goransson v. Mfg. Co., 186 Mo. 300; Rogers v. Hammond Packing Co., 166 S. W. 880; McGrath v. Transit Co., 197 Mo. 104; Modlagi v. Iron and Foundry Co., 248 Mo. 605; Peffer v. Railroad, 98 Mo. App. 291; Epperson v. Postal Tel. Co., 155 Mo. 382; Browning v. Railroad, 106 Mo. App. 729; Patton v. Railroad, 179 U. S. 658; Glasscock v. Dry Goods Co., 106 Mo. App. 664; Breen v. Cooperage Co., 50 Mo. App. 214. (2) There is no evidence to show that any dirt

and rock was allowed to accumulate at the edge of the ditch, or, anywhere else for that matter, and certainly none to show that the defendant or its foreman knew of such alleged accumulation, or, that it had been there long enough before the injury for them to have known it by the exercise of ordinary care, and, hence, there can be no recovery in any event.  Bennett v. Lime Co., 146 Mo. App. 578; Glasscock v. Dry Goods Co., 106 Mo. App. 664; Rowden v. Daniels, 151 Mo. App. 27. (3)  The plaintiff and the top man were engaged in the performance of the same work and were fellow servants and if the top man allowed any dirt or rock to fall in on the plaintiff the defendant would not be liable.  Shinners v. Mullins, 136 Mo. App. 298; Brant v. Breweries Co., 159 Mo. App. 568; Shaw v. Construction Co., 102 Mo. App. 666; Jackson v. Mining Co., 106 Mo. App. 441; Johnson v. Railroad, 104 Mo. App. 588; Hawk v. Lumber Co., 166 Mo. 129; Schmeizer v. Furniture Co., 134 Mo. App. 493; Oker v. Construction Co., 158 Mo. App. 213.

FARRINGTON, J.—This is an appeal by the plaintiff in a personal injury suit, after nonsuit in the trial court.

Plaintiff on January 2, 1913, was in the employ of the defendant as a digger engaged in the construction of a sewer ditch.  It was his duty to dig and shovel dirt.  He was injured while in the ditch by some dirt and a rock falling back into the excavation.

The petition alleged that plaintiff was so engaged and that it was defendant's duty to furnish him a reasonably safe place in which to perform his work; that at the time of his injury he was at work in the bottom of the ditch, the top of which was much higher than his head; that while using due diligence and care for his safety, the defendant "so carelessly and neg ligently conducted itself with reference to its duties as to the safety of this plaintiff, as to allow the dirt

and rocks thrown out of said ditch by this plaintiff to collect and fall back in said ditch and upon this plaintiff in such a manner and with such force as to main, wound and bruise this plaintiff and permanently injure him by breaking his collar bone and otherwise injuring and bruising him; that defendant and its foreman knew, or by the exercise of ordinary care might have known that said place in which plaintiff was working would be rendered dangerous by such accumulations of dirt and rock at the edge of the ditch, and could have made said place a reasonably safe place in which to work by the exercise of ordinary care on their part, by causing said dirt to be thrown back from the edge of the ditch or by erecting barriers thereat, or by warning plaintiff that the material which he was throwing out of said ditch had so accumulated at the edge of the ditch that it was dangerous for him to continue to work therein, but they negligently and carelessly failed to do so.'' Following this were the averments as to the extent of his injury and the damages sustained.

The answer was a general denial, a plea of contributory negligence, and a plea of assumption of risk.

Defendant requested and the court refused a peremptory instruction at the close of plaintiff's evidence, but when the request was renewed at the close of all the evidence the instruction was given. Plaintiff thereupon took a nonsuit with leave to move to set the same aside, and the appeal is from the order refusing to set the judgment of nonsuit aside.

The evidence, considered in the light most favorable to plaintiff, is as follows:

Plaintiff had worked in sewer ditches for defendant before, as well as top man. At the time of his alleged injury he was working in a section of the ditch about eight or ten feet long and three feet wide. He did not know how deep it was, but said he was five feet ten inches in height and that the bank looked to be

three or four feet over his head. He dug down to grade
and was using a shovel with a handle about five feet
in length to throw the dirt out and put on all his
strength to throw the dirt up on the bank. He didn't
measure the depth of the ditch and just guessed at its
depth. ''I dug in there and throwed the dirt on top and
it accumulated up there and fell back on my shoulder.
I threw out a shovel full and went to get another
shovel full and a whole lot of dirt and rock rolled
back on me.'' He testified that the rock was perhaps
three to five inches through—as big as his double first,
as he put it. He stated that there was a way to keep
the dirt from falling back on him; that it was the duty
of the top man to keep the bank clean so the dirt
wouldn't roll back on the man; that when he had
worked as top man the foreman told him to keep the
dirt eighteen inches back from the hole so it wouldn't
go down on the man in the hole; that one top man is
supposed to take care of three holes or sections; that
he noticed a top man once or twice after he was down
in the hole, but never noticed whether he was there
when he got hurt; that in digging the ditch he would
begin on top with pick and shovel and throw the dirt
out on one side; that when a laborer first starts his
hole he is supposed to throw the dirt back as far as he
can, and that he did so—maybe six or eight feet; that
as he went deeper he couldn't throw it so far; that
no dirt had fallen on him before this bunch fell on him;
that he took up a shovel full and threw it out and just
as he went to get another a whole lot of dirt and a
rock fell back on his shoulder; that he did not know
whether it was what he had thrown out or not; that he
had stooped down; that he didn't know where the top
man was; that the dirt stayed all right until he threw
up that shovel full; that he didn't know whether the
top man had moved the dirt back along the ditch or
not, as he was working and hadn't paid any attention
to the top man; that he didn't call the top man to put

any dirt back; that he didn't see it getting up close to the edge of the bank; that he worked so hard and fast he didn't have time to look. He testified that it was the duty of the top man to help get the big rocks out, but that he (the plaintiff) was below the place where the big rocks were when he took out this shovel full of dirt. He stated that at the time he was injured defendant.did not have anything on top of the ground in the way of barriers or boards to keep the dirt from rolling back on him, and that if boards of any kind had been set up they would have kept the dirt from rolling back into the ditch. The injury occurred between five and six o'clock in the afternoon and he quit work at half past five or fifteen minutes to six. He climbed out of the ditch and went home and on the way his arm began hurting. He did not go to work the next day. Eight or nine days later he went to a doctor, saying he didn't go sooner because he had no money. His arm and neck were swollen and he had treated himself with liniments and poultices. He testified in detail as to his treatments by the doctor, his pain, his loss of time and money, the permanency of his injury, and his impaired earning capacity. For the purpose of this appeal we assume that plaintiff's account of his condition is true. Hence it is unnecessary to summarize the testimony of his physician. The only other witness for plaintiff was his stepdaughter who merely testified that she attended plaintiff after he came home that night and saw his shoulder was swollen and that he was weak, restless all night and complained of pain, and did not go back to work for a long time.

The testimony of defendant's witneses that is favorable to plaintiff's case is as follows:

Reece, defendant's assistant foreman on this job, testified that he had twenty-five or thirty men under him; that rocks that amounted to anything were not thrown up with the dirt but were handed up to the top man and he would carry them off; that it was the top

man's duty to keep the dirt back so the dirt could be conveniently laid up there, and that if the top man does his duty he keeps the dirt back two and one-half or three feet to keep it from rolling back. "If a man is working in a ditch seven or eight feet deep or deep enough so as to shovel over his head in throwing the dirt out, and throws the dirt out as far as he can and the mouth of the pit is kept clean back two or three feet the dirt is not going to roll back. If he throws it out it is going to stay there."

The president of the defendant company testified: "The top men are there to wait on the bottom men, to make everything so the bottom men can get the best results. The bottom men are the money makers. The top men are not. They are there to take the dirt away, supply tools, and catch rocks. It isn't safe for a man to throw a rock up with a shovel. He can't control it and it might go back in his neighbor's hole. They pitch them up to the top men. The top man's duty is to keep the dirt back so that the dirt can be conveniently laid up there."

The petition charged a specific act of negligence, to-wit, that defendant allowed dirt and rocks thrown out of the said ditch by plaintiff to collect and accumulate at the edge of the ditch and fall back in said ditch and upon the plaintiff.

Admitting all the evidence introduced by plaintiff to be true, and giving him the benefit of every reasonable inference to be deduced therefrom, we think the plaintiff is not entitled to recover under the showing made and that the ruling of the learned trial judge was proper.

The evidence wholly fails to show any negligent accumulation of dirt and rocks on top of the bank. Negligence is never presumed. No one, not even the plaintiff, testified that the top man was not there doing his duty, and it cannot be presumed that he was not doing his duty. The plaintiff did not know whether

or not it was the last shovel full he had just thrown up that fell on him. If so, defendant could hardly be said to have negligently allowed dirt and rock to collect and fall back and not exercised ordinary care to remove it from the edge of the ditch. Plaintiff himself testified that the top man is supposed to take care of three holes or sections; hence he knew that the top man would not be there to remove every shovel full as it was laid on top. He testified that he did not know whether the top man had moved the dirt back along the ditch or not, as he was working and had not paid any attention to the top man, and that he did not see the dirt getting close to the edge of the bank as he worked so hard and fast he didn't have time to look. It was necessary for plaintiff to make out a prima-facie case upon the specific charge of negligence in his petition in order to be entitled to recover. [Rowden v. Daniell, 151 Mo. App. l. c. 27, 132 S. W. 23.] The master is not an insurer of the safety of the place. His duty is to exercise ordinary care, and his liability arises out of his negligence in not exercising such care. Plaintiff must offer (1) proof of negligence, and (2) a showing of causal connection between the negligence and the injury. [Kane v. Railroad, 251 Mo. l. c. 27, 157 S. W. 644.] It is not enough to show an accident and an injury. [McFern v. Gardner, 121 Mo. App. 1, 6, 97 S. W. 972.]

The case mainly relied on by appellant (Blanton v. Dold, 109 Mo. 64, 18 S. W. 1149) was decided on the *res ipsa loquitur* doctrine (see page 74). But in our case the charge of negligence was specific; hence the *res ipsa loquitur* doctrine is not available to strengthen plaintiff's case.

It is true, negligence is not a fact which is always the subject of direct proof but may be inferred from facts put in evidence. And while plaintiff's testimony—"a whole lot of dirt and rock rolled back on

me"—is evidence of that fact, it is not sufficient, standing alone, to prove the specific charge of negligence that the defendant permitted a negligent accumulation. The thing does not speak for itself.

The rule is well settled that if an accident might have resulted from more than one cause, for one of which the master is liable and for the other he is not liable, it is necessary for the plaintiff to prove, in the first instance, that the injury arose from the cause for which the master is liable, for it is not the province of a court or jury to speculate or guess from which cause the accident happened. [Goransson v. Manufacturing Co., 186 Mo. l. c. 307, 85 S. W. 338, and cases cited; Morgan v. Temagami Mining Co., 136 Mo. App. 241, 117 S. W. 90; Caudle v. Kirkbride, 117 Mo. App. 412, 93 S. W. 868.] The plaintiff must show with reasonable certainty that that cause produced the injury. [Thornberry v. Old Judge Mining Co., 126 Mo. App. 660, 105 S. W. 659.] In the case under consideration it is just as probable that plaintiff's own negligence was the proximate cause of his injury; in other words, his shovel may have struck the bank when he was putting up the shovel full just before the injury in such a way as to overturn it and cause the contents to fall back into the ditch, or, plaintiff may have put several shovels full of dirt in exactly the same spot at the very edge of the bank instead of laying them along the bank in different spots when he knew the top man had to take care of three holes or sections and could not be there to remove every shovel full put up there; and other contingencies might be thought of, any of which would be as consistent with the plaintiff's account of the occurrence as his conclusion that negligence on the part of his master was the proximate cause of the injury. The mere occurrence of an injury does not necessarily create a liability or warrant an inference of defendant's negligence. The burden of proof is on the plaintiff to establish, directly or by

just inference, some want of care on the part of the defendant to which his injury might fairly and reasonably be traced. That burden was not met by the plaintiff in this case. As to what caused the dirt and rock to fall there is only guess and speculation. And even if it could be assumed from the bare fact of injury that some dirt and rock had accumulated on top during the temporary absence of the top man, while waiting on the other two holes or sections, if he was absent, yet there is no indication whatever in the evidence that defendant, or its foreman who was along there every five minutes, knew of such accumulation or that it had been there long enough before the injury for defendant to have known of it by the exercise of ordinary care, so there could be no recovery in any event. [Johnson v. Bolt & Nut Co., 172 Mo. App. l. c. 219, 157 S. W. 665; Bennett v. Lime Co., 146 Mo. App. l. c. 578, 124 S. W. 608.]

Plaintiff does say: "I dug in there and throwed the dirt on top and it accumulated up there and fell back on my shoulder. I threw out a shovel full and went to get another shovel full and a whole lot of dirt and rock rolled back on me." There can be no doubt that if plaintiff dug a hole in the ground eight to ten feet long, three feet wide, and eight to nine feet deep, and had been throwing dirt out on the surface, it would have accumulated up there;" but he must go farther in this action against his master for negligence and show that there was a negligent accumulation up there. His evidence, as hereinbefore detailed, goes no farther than to show an accumulation of dirt on the surface and some dirt and a rock rolling back on him just after he had thrown up a shovel full, and an injury. This is not sufficient to establish the fact that defendant was negligent in the manner in which it took care of the dirt on top of the ground.

There is, however, another reason defeating a recovery by the plaintiff. He and the top man were

engaged in the performance of the same work under a
common master, and were therefore fellow-servants.
The general rule is that the master must use ordinary
care in making the place for his servant to work in rea-
sonably safe and keeping it in that condition, but it
has some. exceptions, one of which is that the master
will not be liable where the character of the work is
continuously changing and where by its very execu-
tion to a successful completion necessarily renders the
place unsafe, the master has fulfilled his obligation
when he furnishes a reasonably safe place to begin
with and competent help whose duty it is in the detail
of the work to keep the place in a safe condition. If
one of the servants to whom this work is assigned fails
in his duty, the master is not liable unless he had knowl-
edge of such failure, either actual or constructive, for
a sufficient length of time before plaintiff's injury to
have remedied the matter by furnishing a competent
servant. Labatt in the second edition of his work on
Master and Servant, Vol. 4, sections 1518, 1519 and
1520, supports this rule, and the notes under those
sections disclose a great mass of authority from all
over the Union. The same principle finds support in
the following Missouri cases: Livengood v. Lead &
Zinc Co., 179 Mo. 229, 77 S. W. 1077; Bradley v. Forbes
Tea and Coffee Co., 213 Mo. 320, 111 S. W. 919; John-
son v. Bolt and Nut Co., 172 Mo. App. 214, 157 S. W.
665; Caudle v. Kirkbride, 117 Mo. App. 412, 93 S. W.
868. It is held in the case of Forbes v. Dunnavant,
198 Mo. 193, 95 S. W. 934, that the master may trust
his servant to perform the intermediate, ordinary and
simple duties incident to the servant's employment and
resting upon the servant's knowledge and skill. [See,
also; Modlagl v. Kaysing Iron & Foundry Co., 248 Mo.
587, 154 S. W. 752; Vannest v. Railway Co., 181 Mo.
App. 373, 168 S. W. 782; 26 Cyc. 1324.] Applying the
principle here. the place where plaintiff was set to his
task was safe as he had merely to dig a hole in the

ground and throw out. the dirt. As his work progressed, his position would of necessity change, and as a necessary incident thereto he would be subjected to the falling in of the dirt thrown out by him if some ordinary precaution was not taken to prevent it. It is not contended that defendant did not employ sufficient help to do this work or that defendant employed an incompetent servant therefor. It is conceded, so far as this record is concerned, that had .the top man attended to his duties and thrown back the dirt and rocks he was placed there to throw back, there would have been no injury to the plaintiff. Under the rule we are discussing and the facts of this case, the failure to keep the dirt back, if there was such a failure, was a negligent omission of the top man or fellowservant of the plaintiff to .do his particular duty in the execution of this common employment, and there is no evidence in the record to show that the master had or could have had knowledge of such failure, if there was a failure, for a sufficient length of time prior to plaintiff's injury to have remedied the trouble. Hence the master is not liable.

The judgment is affirmed. *Robertson, P. J.*, concurs. *Sturgis, J.,* concurs in the last paragraph holding that whatever negligence, if any, is shown is that of a fellow-servant.