## HECIMOVICH v. WINSTON–DEAR CONST. CO.

Circuit Court of Appeals, Eighth Circuit.
November 12, 1928.

No. 8085.

Sam Bushman, of Jefferson City, Mo. (Irwin & Bushman, of Jefferson City, Mo., on the brief), for plaintiff in error.

Arnot L. Sheppard, of St. Louis, Mo. (Robert A. Holland, Jr., Jacob M. Lashly, M. F. Watts, and William R. Gentry, all of St. Louis, Mo., on the brief), for defendant in error.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. George Hecimovich brought this action against the Winston-Dear Construction Company to recover damages for personal injuries. At the close of the evidence offered in behalf of the plaintiff, the court directed a verdict in favor of the defendant. Judgment was entered on such verdict, and this is a writ of error therefrom.

Plaintiff's evidence disclosed the following facts:

The plaintiff was employed by the defendant in blasting rock with dynamite. Other workmen drilled the holes. After the holes were drilled, plaintiff placed the charges of dynamite therein, and exploded the dynamite by means of a cap and a wire connected with the cap and an electric battery.

In shooting the rock, the practice was to first put a light charge in the bottom of the hole to spring the hole or enlarge it, and then put in a larger and final charge. At the time of the injury, plaintiff was engaged in shooting holes that were 18 feet deep. These holes were 1½ inches at the top, and about 1⅛ inches at the bottom.

Plaintiff testified that the sticks of dynamite were 1⅛ inches in diameter and 8 inches long; that in placing them in the hole he used a wooden pole about 20 feet long and seven-eighths inches in diameter, which was pointed at one end; that he inserted the pointed end of the wooden pole into the end of the stick of dynamite, and by means thereof lowered the stick of dynamite into the hole. He further testified that at the time of the accident he had placed three sticks of dynamite in the hole, with a concussion cap on the top stick for the purpose of springing the hole; that the concussion cap was faulty, and failed to explode the charge of dynamite; that thereupon he undertook to place a fourth stick in the hole with another concussion cap on it, and that, while he was placing this fourth stick in the hole, the explosion which caused the injury occurred. He further testified that the first stick went down all right clear to the bottom of the hole; that the second stick was placed on top of the first stick, and the third stick on top of the second stick; and that, while he was placing the fourth stick in the hole, it struck a projecting rock; that the concussion caps were easily set off; that such concussion caps were placed on the lower end of the sticks of dynamite; that there is always danger, when inserting a stick of dynamite in such a hole, of it striking a projecting rock and exploding prematurely; that the cause of the accident may have been the size of the hole, or air pressure, or the stick of dynamite striking a jagged rock in the wall of the hole, and that he did not know, and no other person knew, what caused the explosion which resulted in his injuries.

The proof further showed that the hole above the top of the third stick was larger

than it was throughout the lower two feet of the hole wherein three sticks had already been safely placed.

The negligence alleged in the complaint as the proximate cause of the injury was the failure of the defendant to drill the holes of sufficient size to permit the dynamite to be inserted therein with safety to the plaintiff.

It is our opinion that the evidence wholly failed to establish that the negligence alleged in the complaint was the cause of the explosion and the resulting injuries. In fact, there is no satisfactory evidence in the record as to what caused the explosion. It may have resulted from one of a number of causes. The jury could only have guessed or conjectured as to what was the real 'cause thereof.

In Patton v. T. & P. Ry. Co., 179 U. S. 658, at page 663, 21 S. Ct. 275, 277 (45 L. Ed. 361), the court said:

"It is not sufficient for the employé to show that the employer may have been guilty of negligence—the evidence must point to the 'fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion."

In Bolen-Darnall Coal Co. v. Hicks (C. C. A. 8) 190 F. 717, the court, at page 721, said:

"The plaintiff below alleged, and the burden of proof was upon him to establish by substantial evidence, that the proximate cause of the accident he sustained was the location of the powder on the opposite side of the entry from the rooms in which he fired the shots. At the close of the trial, there was evidence sufficient to sustain a finding that the accident was caused by his firing of conflicting shots at the same time which produced a windy shot and an explosion, or that it was caused by his firing two shots in each of two rooms in violation of the rule of the company never to fire shots in more than one place at a time, but there was no substantial evidence, there was nothing in this case but conjecture, to sustain a verdict that the explosion was caused by the location of the keg of powder, and juries may not transfer property from one citizen to another by guess."

See, also, W. A. Hover & Co. v. Denver & R. G. W. R. Co. (C. C. A. 8) 17 F.(2d) 881, 886, and Thornberry v. Old Judge Mining Co., 126 Mo. App. 660, 105 S. W. 659, 660.

The burden of proof was upon the plaintiff to establish that the negligence alleged in the complaint was the proximate cause of the injuries he sustained. The plaintiff failed to meet that burden, and the court properly directed a verdict in favor of the defendant.

The judgment is affirmed.