WILLIAM VANNEST, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 13, 1914.

1. **NEGLIGENCE: Personal Injuries.** In the work of throwing ties out of a box car, the method adopted and agreed upon was that plaintiff, standing in a restricted place near the door, should first lift his end, then his associate should lift his end and bring it around when, by a concerted movement, they would throw it out the door. While plaintiff was stooping over to pick up his end, and before he had done so, the associate, unknown to plaintiff, suddenly reversed the order of lifting

and raised his end first, causing the tie to come against plaintiff and throw him from the car. *Held*, an act of negligence for which defendant is liable.

2. ———: Fellow Servant: Foreman: Contributory Negligence. The fact that plaintiff was foreman did not bar him of recovery. He was a fellow servant in doing the work. The ties had to be thrown from the car. Plaintiff could not provide a safer place to stand and do the work. Nor was the injury the result of the place where he worked being unsafe. The place was safe but for the negligent act of his fellow servant. And under the Fellow Servant Statute this was no defense.

3. ———: ———: Cause of Injury: Jury Question. Where there is evidence on both sides of the question whether the injury was caused by the negligence alleged, the question of what caused the injury is for the jury, and its verdict cannot be disturbed by the appellate court.

4. INSTRUCTIONS: Method of Work. Plaintiff was required to select only a method that was reasonably safe and to use ordinary care commensurate therewith. Consequently, an instruction in his behalf requiring the jury to find that it was the "only safe and proper way" before they could find for him laid a greater burden on him than the law required, and was not therefore erroneous because the evidence did not show it was the only safe way.

5. ———: ———: Contributory Negligence. Where no element of contributory negligence, or lack of care on plaintiff's part, appeared in the testimony offered in his behalf, it is not an issue in the case unless pleaded as a defense.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurmond*, Judge.

Affirmed.

*J. W. Jamison* for appellant.

(1) Under a general employment, the master has the right to direct his employees to do any and all things within the scope thereof. He may entrust a servant to perform ordinary and simple duties incidental to his employment and resting on his knowledge and skill. Modlagl v. Iron & Foundry Co., 248 Mo. 587; Henson v. Stave Co., 151 Mo. App. 243; Cole v. Jones, 159 Mo. App. 472. (2) Negligence on the part

of a master cannot be presumed from the mere fact of an accident and an injury. The burden was on the plaintiff to prove negligence. O'Malley v. Railway Co., 113 Mo. 319; Yarnell v. Railway Co., 113 Mo. 570; Dowell v. Guthery, 99 Mo. 653; Murray v. Railroad, 101 Mo. 236; Patton v. Railway Co., 179 U. S. 658; Vernon Cotton Oil Co. v. Catron, 137 S. W. 404; Wilson v. Railway Co., 62 S. E. Rep. 972; Wendall v. Railway Co., 100 Mo. App. 556. (3) The work was commonplace and, therefore, within the exception to the general rule that an employee never assumes the risk of injury by the master's negligence. Harris v. Railway Co., 146 Mo. App. 524, 157 S. W. 564. (4) Where a plaintiff was working beside a pile of pig iron or a pile of other materials and was permitted to choose his own place, proof of the falling of the iron, or other material, was not sufficient to prove negligence. Bowman v. Car & Foundry Co., 226 Mo. 53; Vernon Cotton Oil Co. v. Catron, 137 S. W. 404; Blundel v. Mfg. Co., 189 Mo. 552; LaBelle v. Inhabitants of Montague, 54 N. E. Rep. 859; Lewis v. Collier and Smith, 186 Fed. Rep. 403; Low v. Railroad, 165 Mo. App. 523; Mathis v. Kansas City Stock Yards Co., 185 Mo. 434; Bradley v. Tea & Coffee Co., 213 Mo. 320.

*Scott & Bowker* for respondent.

(1) The respondent, Vannest, although foreman of appellant's section crew and appellant's employee, Lucas, were fellow servants in performing the service they were engaged in at the time respondent was injured. Stephens v. Transfer Co., 110 Mo. App. 398; Fogarty v. Transfer Co., 180 Mo. 496. (2) The evidence in this case shows that the accident and injury to the respondent were due to the negligence of Lucas, the fellow servant of respondent. Briscoe v. Railroad, 130 Mo. App. 513. (3) A servant of a railroad company

does not assume the risk of injury by the negligence of a fellow servant. Madden v. Railroad, 167 Mo. App. 143. (4) The attempted plea of contributory negligence in this case was insufficient and appellant was not entitled even to submit such an issue to the jury. Ramp v. Railroad, 133 Mo. App. 700; Stewart v. Railroad, 142 Mo. App. 322; Boders v. Railroad, 168 Mo. App. 172. (5) Even where contributory negligence is pleaded as a defense it is not error because plaintiff does not cover this defense in his instruction. It is the duty of the defendant to offer instructions on his defenses. If not properly pleaded, defendant is not entitled to instructions on such a theory, even if there was testimony tending to prove it. Boyd v. Railroad, 249 Mo. 110; Johnson v. Railroad, 150 Mo. App. 304; Collet v. Kulhman, 243 Mo. 585.

TRIMBLE, J.—Plaintiff alleged that while engaged in helping throw ties out of a box car, he was thrown to the ground by the negligence of an assisting employee and alighted upon his head, receiving serious injuries for which he prayed judgment. He recovered judgment for $2000 and defendant has appealed.

The box car had a door on each side. Both of these were open. Two men were throwing ties from one door, and plaintiff and one, Lucas, were throwing them from the other. The ties in the ends of the car were laid lengthwise thereof, but, between the ties thus piled in each end, there were other ties laid crosswise and "criss-cross" of each other. The ties weighed about 150 pounds apiece and were eight feet long. The door of the car was not so wide.

It took two men to handle a tie. The method of so doing, adopted and agreed upon, was that plaintiff would *first* pick up his end of the tie, *then* Lucas would lift his end and come around with it until they were in proper position when, by a concerted movement, they would throw the tie out the door.

The testimony in support of plaintiff's case tended to prove that they had been working in this way for some time and had removed most of the "Criss-cross" ties in the middle portion of the car, though a few were still left. It further tended to show that without waiting until plaintiff had first secured his end of the tie but while plaintiff was stooping over to pick up his end and before he had done so, Lucas suddenly raised his end causing it to come against plaintiff "like a thousand of brick" and throw him out the door. Lucas knew plaintiff had only a small space immediately in front of the door in which to stand. He knew the method agreed upon to lift the ties and the order in which each end should be lifted. Without notice or warning he suddenly reversed that order without looking at plaintiff and unmindful of the effect such action might have upon his safety. This was a negligent act on his part for which his master was liable if it caused an injury to another. [Madden v. Missouri Pacific Ry. Co., 167 Mo. App. 143; Briscoe v. Chicago, Burlington and Quincy Ry. Co., 130 Mo. App. 513; Stubbs v. Omaha, Kansas City and Easton Ry. Co., 85 Mo. App. 192.] It certainly cannot be said as matter of law that it was not negligent. At least the questions whether it was negligent or not and whether the injury occurred and was brought about in that way were for the jury to settle.

Defendant urges that plaintiff was foreman in charge of the crew. We do not understand defendant to claim that this fact bars him of recovery, nor that as plaintiff and Lucas were working together they were not fellow servants. They were. [Madden v. Missouri Pacific R. Co., 167 Mo. App. 143; Stephens v. Deatherage Lumber Co., 110 Mo. App. 398; Fogarty v. St. Louis Transfer Co., 180 Mo. 490.] And defendant is liable for the negligent act of such fellow servant. [Sec. 5434, R. S. Mo. 1909.] Under that act the negligence of the fellow servant is the negligence of

the master, and such negligence was not assumed by plaintiff. Defendant's objection, if we understand it, does not question the foregoing principles. The objection goes to the question of plaintiff's negligence in failing to provide for his own safety since he was in authority and could have looked out for that. The argument is that plaintiff could have made a safe place for himself to stand and failed to do so and having failed to take that precaution, he cannot recover. Defendant cites Modlagl v. Kaysing Iron etc. Co., 248 Mo. 587. This case has no application. Plaintiff's injury did not arise out of a defective appliance he was required to keep in order. Nor was it caused by the *place* where he worked being unsafe. The place was safe enough, and plaintiff would not have been injured but for the negligence of Lucas. Besides, we are unable to find any evidence in the record showing that plaintiff could have provided any safer place or better method. The ties had to be unloaded and that too through the door, and certainly those next to the door had to come out first, and to do this some one had to stand in the small space at the door. The work of getting them out was not dangerous. It became so only by reason of the negligence of Lucas.

It is further claimed that there is no evidence showing that the sudden and premature lifting of the tie caused it to go against plaintiff. We think there was. But if no witness had affirmatively so stated, yet the facts were all shown and the circumstances presented which showed a situation where the facts spoke for themselves as to what caused the tie to move forward and strike plaintiff. Clearly the jury, if plaintiff's story were believed, could rightfully infer that the raising of the tie caused it to slip. There was no evidence showing that anything else caused it.

Defendant offered testimony to the effect that plaintiff's fall was caused by catching his foot on a floor plate and not by being struck by a tie. There

was substantial testimony, however, to support the verdict. In such case, we cannot usurp the functions of the jury and say which side told the truth. The one witness, Lucas, who must have seen the fall and who must have known what caused it, was working for defendant at the time of the trial but was not called. The inference is that his testimony would not have been favorable. [Booher v. Trainer, 172 Mo. App. 376, 22 Am. & Eng. Ency. of Law (2nd Ed.), 1261.]

The same observations apply with reference to the contradiction of plaintiff as to his injuries. Where there is substantial evidence in support of the injuries, we cannot say there were none, but must leave to the jury the question of their existence and extent.

Complaint is made of plaintiff's instruction No. 1 because it required the jury to find that the manner in which the ties were unloaded was "the only proper and safe way" and because there was no evidence to show that it was the only safe way. The plaintiff was not required to select the only proper and safe way. All he was required to do was to select a reasonably safe method and to use ordinary care commensurate therewith. When the jury were required to find that the method was the *only* proper and safe way, a greater burden was laid on plaintiff than the law required. The evidence showed that the method adopted was the usual one; that it was safe but for a negligent act; that the injury did not arise out of the method of doing the work but from a negligent act having no necessary connection therewith. There was no evidence showing any better way, and none from which a better way could be inferred.

It is said that the instruction failed to cover the defense of contributory negligence. There was no element of contributory negligence, or lack of care on the part of plaintiff, appearing in the testimony offered in his behalf or inherent in the case as presented by him. Consequently, unless contributory negligence

was pleaded it was not an issue in the case. The answer, under the ruling in Ramp v. Metropolitan St. Ry. Co., 133 Mo. App. 700, and Borders v. Metropolitan St. Ry. Co., 168 Mo. App. 172, did not contain such a plea. However, the questions of whether plaintiff was exercising proper care and whether he was guilty of contributory negligence were submitted to the jury by appropriate instructions. The failure of instruction No. 1 in this case to cover the defense of contributory negligence was not error.

The instruction did not omit to require the jury to find that plaintiff was in the exercise of ordinary care. It did not use those particular words it is true, but in specifying each particular act that was done and in requiring the jury to find that the way the work was being done was the only safe and proper way, and that the act occurred while plaintiff was in the line thereof and while he was stooping over to pick up his end of the tie, and that it occurred suddenly and without plaintiff's knowledge, the jury were necessarily required to find that plaintiff was in the exercise of ordinary care and such was the effect of the instruction. There was no evidence showing a lack of care on his part, and the jury were not only, in effect, told by plaintiff's instruction that he must have been exercising ordinary care or he could not recover, but defendant's instructions very explicitly told them so.

Finding no error in the record, the judgment must be affirmed. It is so ordered. *Ellison, P. J.,* and *Johnson, J.,* concur.