STRICKLIN, ADMR., APPELLANT, v. CHICAGO, MIL-
WAUKEE & ST. PAUL RY. CO., RESPONDENT.

(No. 4,307.)

(Submitted March 10, 1921. Decided March 29, 1921.)

[197 Pac. 839.]

*Personal Injuries—Railroads—Trespassers—Last Clear Chance
Doctrine—Pleading Cause of Action in Alternative—Nonsuit.*

Personal Injuries—Railroads—Last Clear Chance Doctrine—Pleading and
Proof—Essentials.
1. In order to make out a case for damages for personal injuries
within the doctrine of the last clear chance, plaintiff must plead and
prove the exposed condition of the injured party brought about by
his negligence, the actual discovery by the defendant of the perilous
situation of the person injured, in time to avert injury, and the fail-
ure of defendant thereafter to use ordinary care to avoid injuring
him, all of which facts must concur to make the rule applicable.

Same—Complaint—Facts, How to be Stated.
2. The rule under which the facts constituting plaintiff's cause of
action must be stated in ordinary and concise language requires the
facts to be stated by direct averment, so that the defendant may
understand the specific acts of remissness with which he is charged
and that the material issues may be framed for trial.

Pleading Single Cause of Action in the Alternative—When Subject to
General Demurrer.
3. Where different averments in the complaint refer to the same
ultimate fact and each of them is pertinent to the single cause of
action, they may be pleaded in the alternative. Where, however, two
statements of fact are alleged in the alternative, one of which is suffi-
cient to constitute a cause of action and the other not, they neu-
tralize each other and subject the pleading to a general demurrer
or a motion to exclude evidence.

Personal Injuries—Last Clear Chance—Complaint—Averments in Alter-
native—Defective Pleading.
4. *Held,* under the rule above (paragraph 3), that plaintiff's alle-
gations in his complaint based upon the last clear chance doctrine,
that defendant's locomotive engineer saw, *or* in the exercise of ordi-
nary care should have seen, the perilous situation of the deceased,
neutralized each other, thus leaving the pleading devoid of the in-
dispensable averment of actual discovery and rendering it subject to
an objection to the introduction of evidence on the ground that it
did not state a cause of action.

*Appeal from District Court, Teton County; J. B. Leslie,
Judge.*

1. Last clear chance doctrine as applied in case of injury by railroad
company to person other than servant on its bridge or trestle, see
note in Ann. Cas. 1914D, 1218.

Action by Warren Stricklin, administrator of the estate of Thomas Carter Stricklin, deceased, against the Chicago, Milwaukee & St. Paul Railway Company and another. From a judgment of nonsuit, plaintiff appeals. Affirmed.

*Mr. D. J. Ryan* and *Mr. W. P. Costello,* for Appellant, submitted a brief.

In the complaint in this action, as in every other complaint, some matters are directly averred, and others are pleaded by reasonable intendment and necessary implication. It is not only permissible that such a method of pleading be resorted to, but it is very necessary for conciseness and to avoid the pleading of minor details at great length, as was resorted to in some states before the adoption of the Code system. The rule now is, we believe, well settled that some facts are necessarily inferred from facts directly pleaded, and where a fact essential to the cause of action is necessarily implied from facts pleaded, it must be taken as directly averred. (*County of Silver Bow* v. *Davies,* 40 Mont. 418, 107 Pac. 81; *Gauss* v. *Trump,* 48 *Mont.* 92, 135 Pac. 910.)

The necessary inference from the facts pleaded is, that the defendants could have prevented the engine from striking the decedent, had they exercised proper care, for, obviously, if such was not the case, then the defendants could not have negligently permitted the engine to coast along noiselessly and to strike the decedent. If the peril of the decedent was discovered too late to have prevented the injury, they could not have run into him negligently, and there could be no negligence in striking the decedent under such circumstances. It follows that the fact which the court pointed out as not being alleged was necessarily implied, and must be taken as directly averred. (*Gauss* v. *Trump,* 48 Mont. 92, 135 Pac. 910.)

*Messrs Cooper, Stephenson & Hoover,* for Respondents, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for death by wrongful act. It is alleged in the complaint, in effect, that on March 6, 1917, Thomas Carter Stricklin was upon a bridge or trestle which formed a part of the track of the defendant railway company's road; that an unobstructed view of his position could be had for more than half a mile; that he was not observant of the approach of defendant railway company's locomotive, and that defendants did see, or by the exercise of ordinary care could see, that he was in a position of peril and unobservant of the approach of the locomotive; that he was seen, or by the exercise of ordinary care could have been seen, by defendants, but nevertheless defendants negligently failed to give warning of the approach of the locomotive, and negligently permitted it to strike the said Thomas Carter Stricklin, inflicting injuries from which he died.

At the trial counsel for defendants objected to the introduction of any evidence upon the ground that the complaint does not state a cause of action. The objection was sustained, but in its order the trial court pointed out the defect, namely, that the allegations charging negligence are in the alternative and do not disclose actual discovery. The opportunity was extended to counsel for plaintiff to amend the complaint in the particular mentioned, but it was declined and the court thereupon granted a nonsuit and rendered judgment dismissing the complaint. From that judgment this appeal is prosecuted.

Counsel for appellant, in his brief, concedes that the deceased, at the time of his injury, was a trespasser upon the track of the railway company and that recovery can be had, if at all, only under the doctrine of the last clear chance. It [1] is established by the repeated decisions of this court that in order to make out a case within that doctrine, the following facts must appear from the pleadings and proof: "(1) The exposed condition brought about by the negligence of plaintiff

or the person injured; (2) the actual discovery by the defendant of the perilous situation of the person or property, in time to avert injury; and (3) the failure of defendant thereafter to use ordinary care to avert the injury. All of these elements must concur, else the rule has no application.'' (*Dahmer* v. *Northern Pac. Ry. Co.*, 48 Mont. 152, 136 Pac. 1059, 142 Pac. 209); *Anderson* v. *Missoula Street Ry. Co.*, 54 Mont. 83, 167 Pac. 841; *McIntyre* v. *Northern Pac. Ry. Co.*, 56 Mont. 43, 180 Pac. 971.) In order to invoke the doctrine of the last clear chance, plaintiff must allege that the perilous position of the injured party was actually discovered by the defendant in time to avoid the accident, and the negligence which will authorize recovery consists in the failure to exercise due care to avert the injury after such actual discovery. In attempting to fix responsibility in this instance, it is alleged that the perilous position of the injured party was observed by the engineer in charge of the locomotive or, in the exercise of due care on his [2] part, should have been observed. It is the rule of pleading announced by our Code that the facts constituting plaintiff's cause of action must be set forth ''in ordinary and concise language.'' (Rev. Codes, sec. 6532.) The rule requires the facts to be stated by direct averment so that the party who is to answer may understand the specific acts of remissness with which he is charged and that material issues may be framed for [3] trial. (*Highland Ave. & B. R. Co.* v. *Dusenberry*, 94 Ala. 413, 10 South. 274.) If different averments in the complaint refer to the same ultimate fact and each of them is pertinent to the single cause of action, the pleading is not open to the objection that the cause of action is stated in the alternative, though the averments are in the disjunctive. (*Hasberg* v. *Mutual Life Ins. Co.*, 81 App. Div. 199, 80 N. Y. Supp. 867.) But where the complaint alleges in the alternative two statements of fact, one of which is sufficient to constitute a cause of action and the other not, they neutralize each other and subject the pleading to a general demurrer. (21 R. C. L.

451; note to *Grbich* v. *Pittsburgh Iron Ore Co.,* Ann. Cas. 1914A, 1238.)

The refusal of counsel for plaintiff to amend the complaint and make it charge positively that the perilous position of the injured party was actually discovered in time to avoid the accident can be explained only upon the theory that he was uncertain whether the evidence would support such an allegation and, if it did not, he chose to avail himself of the supposed duty of defendants to make discovery and their breach of that duty. But plaintiff has no such right of election, for defendants could not be charged with negligence in failing to make discovery under the facts of this case.

Actionable negligence arises only from a breach of legal duty [4] (*Jonosky* v. *Northern Pac. Ry. Co.,* 57 Mont. 63, 187 Pac. 1014), and to state a cause of action for negligence the complaint must disclose, *inter alia,* the duty and the breach. Since Stricklin, the injured party, was a naked trespasser at the time of his injury, the only duty devolving upon the defendants was to refrain from wantonly or willfully injuring him (*Driscoll* v. *Clark,* 32 Mont. 172, 80 Pac. 1, 80 Pac. 373), or, translated into terms more directly applicable to the present case, to exercise reasonable care to avoid injuring him after his perilous situation was actually discovered and it was apparent that he was insensible to the impending danger. They did not owe him any duty to keep a lookout or give warning signals or to discover his peril, and therefore the allegation that they should have discovered the danger to which his negligence had exposed him does not charge a breach of duty or legal negligence, and the case comes directly within the rule above that the alternative allegations neutralize each other and subject the complaint to a general demurrer or to a motion to exclude evidence. (*Anderson* v. *Minneapolis etc. Ry. Co.,* 103 Minn. 224, 14 L. R. A. (n. s.) 886, 114 N. W. 1123.)

Counsel for appellant insists that the sufficiency of this complaint is established and further discussion of the subject fore-

closed by the decision in *Doichinoff* v. *Chicago, M. & St. P. Ry. Co.,* 51 Mont. 582, 154 Pac. 924, but counsel fails to recognize the manifest distinction between the facts of the two cases. In the *Doichinoff Case,* Koleff, the injured party, was in the employ of the railway company and was actively engaged in the discharge of his duties in a place where he had a right to be at the time he was injured. The action was brought under the Federal Employers' Liability Act, and those facts were all disclosed by the complaint. It was alleged that his perilous position was discovered by the defendant's engineer, or, in the exercise of due care, should have been discovered by him. The allegations of either alternative stated facts sufficient to constitute a cause of action under the federal Act, and therefore the complaint was proof against a general demurrer. Either alternative allegation might have been stricken out and the complaint would have been sufficient. The company owed to Koleff the duty to keep a lookout for his presence in a place of danger (*Neary* v. *Northern Pac. Ry. Co.,* 37 Mont. 461, 19 L. R. A. (n. s.) 446, 97 Pac. 944), and to give warning signals of the approach of the train (*Nelson* v. *Northern Pac. Ry. Co.,* 50 Mont. 516, 148 Pac. 388), and a breach of that duty constituted negligence. Under the federal Act the contributory negligence of the injured employee does not defeat the right to recover (*Seaboard Air Line* v. *Horton,* 233 U. S. 492, Ann. Cas. 1915B, 475, L. R. A. 1915C, 1, 58 L. Ed. 1062, 34 Sup. Ct. Rep. 635, 8 N. C. C. A. 834, [see, also, Rose's U. S. Notes] ; *Hall* v. *Northern Pac. Ry. Co.,* 56 Mont. 537, 186 Pac. 340), but may diminish the amount of damages and it was only for the purpose of avoiding this latter contingency, in the event that it should appear that Koleff was guilty of contributory negligence in failing to observe the approaching train, that the doctrine of the last clear chance was injected into the *Doichinoff Case,* and, as we observed in the opinion, the alternative allegations did nothing more than render the complaint indefinite—a defect that could be reached only by a special demurrer or a motion to strike.

The complaint in the instant case does not disclose that the defendants owed to Thomas Carter Stricklin any primary duty, and since it fails to allege that his perilous position was actually discovered in time to avoid striking him, it fails to state a cause of action, and the trial court did not err in its ruling.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

Rehearing denied May 16, 1921.