PUCKETT, RESPONDENT, *v.* SHERMAN & REED, APPELLANT.

(No. 4,680.)

(Submitted February 3, 1922.  Decided February 27, 1922.)

[205 Pac. 250.]

*Personal Injuries—Automobiles—Cities and Towns—Violation of Speed Ordinance—Legal Negligence—Contributory Negligence—Defense Available Without Pleading, When.*

Personal Injuries—Cities and Towns—Automobiles—Violation of Speed Ordinance—Legal Negligence.
    1.  A violation of a speed ordinance by the driver of an automobile constitutes legal negligence.

Same—Contributory Negligence—When Defense Available Without Pleading.
    2.  The rule that the defense of contributory negligence is not available to defendant in a personal injury action unless pleaded, does not apply where from plaintiff's own case contributory negligence is fairly inferable, in which event such defense is available, though not pleaded.

Same—Negligence—Contributory Negligence—Jury Question.
    3.  As a general rule, the issue of negligence or contributory negligence must be decided by the jury under appropriate instructions.

Same — Contributory Negligence — Instruction Ignoring Defense — When Error.
    4.  In an action for personal injuries sustained in a collision in the streets of a city between plaintiff's motorcycle and defendant's automobile and charged to have been caused by the latter's negligence in exceeding the speed limit fixed by ordinance, where plaintiff by his own testimony established the fact that at the time of the accident he was also violating its provisions, an instruction that defendant was liable if he had exceeded the speed limit, thus ignoring the question of plaintiff's contributory negligence, was error.

*Appeals from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

ACTION by C. T. Puckett against Sherman & Reed, a corporation.  From judgment for plaintiff and from order denying a new trial, the defendant appeals.  Reversed and remanded.

---

    1.  The question of speed of automobile as negligence is discussed in notes in 25 L. R. A. (n. s.) 40; 38 L. R. A. (n. s.) 488; 42 L. R. A. (n. s.) 1178; 51 L. R. A. (n. s.) 993.
    On evidence as to speed of automobile, see notes in 19 Ann. Cas. 754; Ann. Cas. 1917D, 613; 34 L. R. A. (n. s.) 778.
    4.  Right of action of driver of motorcycle for collision by automobile, see note in Ann. Cas. 1917A, 221.

*Mr. J. A. Poore,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Wheeler & Baldwin,* for Respondent, submitted a brief; *Mr. James H. Baldwin* argued the cause orally.

Appellant concedes that contributory negligence is not pleaded as the rule requires, and bases his contention on a supposed presumption of contributory negligence raised by respondent's case. From the testimony it appears clearly that as a result of the negligent act of appellant's agent, respondent was in a place of danger and that he was acting under the impulse of momentary excitement. If it be conceded, however, for the sake of argument, that contributory negligence was an issue in the case, it was for the jury to say whether or not respondent acted properly and whether or not any act of his was a proximate cause of the injury. It does not appear that anything done by respondent was the proximate cause of the injury.

Negligence alone is not sufficient to bar recovery. It is only such negligence as bears a direct, proximate and causal relation to the injury. (*Daniels* v. *Granite etc. Min. Co.,* 56 Mont. 284, 184 Pac. 836; *Wallace* v. *Chicago M. & St. P. Ry. Co.,* 48 Mont. 427, 138 Pac. 499; *Irving* v. *Town of Stevensville,* 51 Mont. 44, 149 Pac. 483; *Stewart* v. *Pittsburg etc. Copper Co.,* 42 Mont. 200, 111 Pac. 723; *Neary* v. *Northern Pac. Ry. Co.,* 41 Mont. 480, 110 Pac. 226.) The principle applied in these cases is controlling in the case at bar. Respondent's position was merely a condition, as opposed to the efficient cause of the injury. The efficient cause of the injury in the case at bar was the negligence of appellant's agent.

Mere violation by plaintiff of the provisions of an ordinance does not constitute contributory negligence which will prevent his recovery for an injury suffered as a result of the negligent act of another. It must also appear that this violation was the proximate cause of the injury; for it might well be

that plaintiff's conduct was negligent, yet that that negligence was not the proximate cause of the injury by reason of the supervening negligence of the defendant. (*Coffin* v. *Laskan,* 89 Conn. 325, L. R. A. 1915E, 959, 94 Atl. 370; *Farrington* v. *Cheponis,* 84 Conn. 1, 78 Atl. 652; *George* v. *McManus,* 27 Cal. App. 414, 150 Pac. 73; *Reynolds* v. *Pacific Car Co.,* 75 Wash. 1, 134 Pac. 512.) And in addition it must appear that the statute or ordinance was enacted for the benefit of the party who seeks to invoke its violation as distinguished from the public generally or a class to whom the ordinance generally applies. (29 Cyc. 438; *Watts* v. *Montgomery Traction Co.,* 175 Ala. 102, 57 South. 471; *McKune* v. *Santa Clara etc. Lumber Co.,* 110 Cal. 480, 42 Pac. 980; *Bogdan* v. *Pappas,* 95 Wash. 579, 164 Pac. 208; *Rampou* v. *Washington Water Power etc. Co.,* 94 Wash. 438, L. R. A. 1917C, 998, 162 Pac. 514; *Marklinger* v. *Union Pac. R. Co.,* 95 Kan. 69, 147 Pac. 1132.) The rule is applied by this court in *Nixon* v. *Montana W. & S. W. Ry. Co.,* 50 Mont. 95, Ann. Cas. 1916B, 299, 145 Pac. 8. This case falls clearly within the general rule that the defense of contributory negligence is a special one to be pleaded and proved by the defendant. (*Daniels* v. *Granite etc. Min. Co.,* 56 Mont. 284, 184 Pac. 836; *Melzner* v. *Raven Copper Co.,* 47 Mont. 351, 132 Pac. 552; *Stephens* v. *Elliott,* 36 Mont. 92, 92 Pac. 45.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to recover damages for personal injuries and the destruction of property occasioned by a collision between plaintiff's motorcycle and defendant's automobile. Plaintiff prevailed in the lower court, and defendant appealed from the judgment and from an order denying a new trial.

Main Street, running north and south in the city of Butte, crosses Granite Street at right angles in the business district of the city. Plaintiff was riding upon his motorcycle going

north on the east side of Main Street, and crossing Granite Street, when Arthur Leland, driving one of defendant's taxicabs south on the west side of Main Street, turned east on to Granite Street, where the two vehicles collided, causing the damage of which complaint is made. At the time there was in force an ordinance regulating vehicle traffic on the streets, and plaintiff charges that Leland violated the ordinance (1) in exceeding the speed limit, (2) in failing to keep to the right when he turned from Main Street on to Granite Street, and (3) in failing to have the taxicab under control while on the intersection of the two streets. There is substantial evidence tending to support each of these charges, and, in the light of the jury's verdict, it must be accepted as established for all purposes of these appeals that defendant's agent was guilty of negligence.

The ordinance fixed eight miles per hour as the maximum [1] speed at which either plaintiff or Leland was permitted to travel upon the intersection of the streets, and a violation of the ordinance constituted legal negligence. (*Neary* v. *Northern Pac. Ry. Co.*, 41 Mont. 480, 110 Pac. 226.)

Plaintiff testified that he was upon the intersection of the two streets when he first saw the taxicab, and, concerning the rate at which he himself was traveling at the time, said: "I was going north; I had just entered into Granite Street, probably fifteen feet. I was within six feet of the east side of Main Street. My intended destination was Mathews, in Walkerville. I was going up Main Street at my usual rate of speed at that time, as far as the city was concerned. My usual rate of speed traveling up Main Street at that time was anywhere between ten and twelve miles an hour; maybe was going ten miles. * * * I will say I was going about eight or nine miles, not more than that. I will say I was going eight miles an hour. I couldn't say exactly what I was going, but no faster than nine if I was going nine, but I will say I was traveling at no more than eight. * * * I was not exceeding nine miles an hour." He testified further that he was about eighty feet from the taxicab when he first realized

that he was in a position of danger, and that he did not do anything except to continue at the same speed at which he was traveling, though he tried to increase his speed, but was unable to do so.

In each of several instructions the court submitted a particular provision of the ordinance—the provision limiting the speed at street intersections by instruction 4—and in each instance directed a verdict for plaintiff if the jury found that Leland had violated the particular provision, and as a proximate result plaintiff was injured. Objection was made that each of these instructions ignored the question of plaintiff's contributory negligence, but the objection was overruled, and these rulings furnish the basis for the contention that the cause was submitted to the jury upon an erroneous theory.

The effect of the ruling was a refusal to submit the question of contributory negligence. Apparently the court proceeded upon the theory that, since contributory negligence was not pleaded as a defense, it could not be made available to the defendant; and that is the general rule in this jurisdiction; but a corollary to the rule, rather than an exception to it, is equally well established, *viz.:* "Whenever the plaintiff's own case presents evidence which, if unexplained, would make out *prima facie* contributory negligence on his part, there must be further evidence exculpating him, or he cannot recover." (*Harrington* v. *Butte, A. & Pac. Ry. Co.,* 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8.) In other words, whenever from plaintiff's own case contributory negligence is fairly inferable, defendant may avail himself of the defense even though it is not pleaded.

The violation of the speed ordinance by Leland constituted negligence for which the defendant, his employer, might be charged, but equally so the violation of the same ordinance by plaintiff constituted negligence, and, if it may be said that Leland's violation was a proximate cause of the collision, so likewise might it be said that plaintiff's violation was a contributing proximate cause. (*Melville* v. *Butte-Balaklava Copper Co.,* 47 Mont. 1, 130 Pac. 441.)

Negligence cases in which liability may be determined as a matter of law are exceptional. As a general rule, the issue of negligence or contributory negligence must be decided by the jury under appropriate instructions.

By applying these rules to the facts narrated, it becomes apparent at once that the trial court erred in adopting the theory upon which the cause was submitted. If the jury might have concluded from the testimony of the plaintiff that he was exceeding the speed limit, they would have been authorized to deny him any relief, for our statute declares: "Between those who are * * * equally in the wrong, the law does not interpose." (Sec. 8753, Rev. Codes 1921.)

Plaintiff's testimony quoted above is equivocal in the extreme, but the jury were not required to adopt the interpretation which would absolve him from the imputation of negligence. They might have accepted as true his statement that he was going anywhere between ten and twelve miles an hour. The least that can be said upon the subject is, it was not the province of the court to decide which of the conflicting statements is true.

It is beside the question that an appropriate instruction on contributory negligence was not tendered. If such an instruction had been requested and given, it would have been in direct conflict with each of the instructions referred to above. Those instructions are not merely incomplete. Each of them is essentially erroneous in view of the plaintiff's own testimony. The issue of contributory negligence should have been submitted to the jury.

We deem it unnecessary to consider the other assignments.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.

MR. JUSTICE REYNOLDS, being absent, takes no part in the foregoing decision.