KAKOS, Appellant, *v.* BYRAM et al., Respondents.

(No. 6,664.)

(Submitted October 3, 1930. Decided October 29, 1930.)

[292 Pac. 909.]

*Mr. Lowndes Maury* and *Mr. R. Lewis Brown,* for Appellant, submitted a brief; *Mr. Brown* argued the cause orally.

*Messrs. Murphy & Whitlock,* for Respondents, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal from a judgment of nonsuit, in an action brought under the Federal Employers' Liability Act (45 U. S. C. A., secs. 51–59) to recover damages alleged to have been sustained by plaintiff, during the course of his employment by defendants, by reason of the negligent act of a fellow-servant.

The complaint, in describing the occurrence which resulted in plaintiff's injury, alleges in substance that plaintiff and a fellow-servant were unloading ties from a gondola car, and while plaintiff was in a deep depression in the middle of the car and was in the act of stooping over to pick up a tie, the other servant, who was close to the top of the pile of ties which was racked about ten feet high above the floor of the car, negligently failed to appreciate or to look out for the plaintiff and negligently failed to appreciate that the

ties were partly frozen together, and violently pushed on the top of the ties racked on one end of the car, and being seven or eight feet in altitude, causing one of the ties to give way and glance over the others in the pile and strike plaintiff.

A general demurrer to the complaint having been overruled, an answer was interposed denying the allegations of the complaint and pleading affirmatively assumption of risk and negligence upon the part of the plaintiff, which caused the injury. There was a reply to the affirmative allegations.

When the case came on for trial, counsel for plaintiff in his opening statement told the jury that plaintiff would show that at the time of the injury he was in a stooping position on the floor of the car in the view of the other employee who thereupon negligently pushed over an upright tie standing on end on the side of the car, which tie was partly frozen to another tie standing alongside of it, and thus threw one or two ties against the plaintiff, causing the injury. Defendants' counsel thereupon objected to the introduction of any evidence, first, for the reason that the complaint does not state facts sufficient to constitute a cause of action; and, second, for the reason that, according to the statement of counsel, the facts which he proposed to present were fatally at variance with the allegations of the complaint. The court overruled the objections.

1. We do not think it is worth while to enter upon a detailed analysis of the complaint. After considering it as a whole, we think that it is not vulnerable to a general demurrer.

2. As to the variance. The proof followed the general line of counsel's opening statement. It appears that the sides of the car extended up four or five feet above the floor. Ties had been placed on end for the purpose of permitting the piles of ties to extend above the sides and ends of the car. There were four of the piles about eight feet high. In unloading, the plaintiff and his coemployee started on the second pile from the east end of the car, throwing the ties off upon the ground. From time to time they took down the ties standing on end at the south side of the car (those in front of them).

After the pile had been unloaded to the level of the side of the car, the method employed was for the plaintiff to lift one end of the tie and his partner the other, then pushing the tie over the side of the car. At the time of the injury to plaintiff, all the ties standing on end in front of plaintiff and his partner had been taken down and unloaded, but those back of the two (on the north side) were still standing on end and were frozen together. When the pile upon which the two were working had been unloaded so that only one tie was left on the floor of the car, plaintiff stooped down to pick it up, supposing that his partner was doing the like at the other end. But instead of doing that, his partner, without warning plaintiff, was prying the standing ties from the side of the car with a bar and instantly one of these ties fell upon plaintiff. Plaintiff had participated in work of this kind "probably a thousand times" and was entirely familiar with it, and he had frequently seen his coemployee put the bar back of the ties and pry them loose.

At all times during the progress of the trial defendants objected to the reception of this evidence on the ground that it varied from the complaint. When plaintiff closed his case, defendants moved for a nonsuit; plaintiff's counsel then asked leave to amend the complaint to conform to the proof. The court denied the request "in view of the great variance existing between the allegations of the complaint and the proof as adduced."

"Actionable negligence arises only from a breach of legal ▊ duty, and to state a cause of action for damages resulting from negligence, it is necessary that the complaint disclose the duty, the breach, and the resulting damages. The facts, and not legal conclusions, must be stated, and it is therefore necessary to set forth sufficient facts from which it can be said, as a matter of law, that the defendant owed to the injured party a duty arising from some legal relation existing at the time of the injury." (*Fusselman* v. *Yellowstone Valley etc. Co.*, 53 Mont. 254, Ann. Cas. 1918B, 420, 163 Pac. 473, 476.)

The plaintiff must, of course, stand or fall upon the cause of action stated in his complaint. (*Pierce* v. *Great Falls & Canada Ry. Co.*, 22 Mont. 445, 56 Pac. 867.) He is required to state his cause in ordinary and concise language. (Sec. 9129, subd. 2, Rev. Codes 1921.) The facts must be "stated by direct averment so that the party who is to answer may understand the specific acts of remissness with which he is charged and that material issues may be framed for trial." (*Stricklin* v. *Chicago, M. & S. P. Ry. Co.*, 59 Mont. 367, 197 Pac. 839, 840.) The pleader must confine his proofs within the cause of action he states; he may not go beyond the material allegations of his pleading, for it would be folly to require the plaintiff to state his cause of action, if in the trial he could abandon the grounds stated and recover upon others which are substantially different from those alleged. (*Forsell* v. *Pittsburgh & Montana Copper Co.*, 38 Mont. 403, 100 Pac. 218.) If this were not so, the very purpose of pleadings would be destroyed, and, instead of the complaint apprising the defendant of the proof which he would be called upon to meet, it would become a device to entrap him. (*Flaherty* v. *Butte Elec. Ry. Co.*, 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416.)

In the trial of lawsuits variances between pleading and proof are certain to occur, as long experience has shown. Hence, the Code prescribes rules upon the subject, and, in so doing, with the design of preventing mistrials as a result of variances between the pleading and proof, looks to the substance rather than to the form. Material variances only are regarded with gravity. Immaterial variances are deemed of slight consequence. Except that the sections of the 1921 instead of the 1907 Codes are given, the following is quoted from the opinion of Mr. Justice Holloway in *Ryan Co.* v. *Russell*, 62 Mont. 596, 161 Pac. 307, 308: "Our Codes recognize three degrees of disagreement between pleadings and proof. A material variance is one which actually misleads the adverse party to his prejudice in maintaining his action or defense upon the merits. (Sec. 9183, Rev. Codes 1921.) An

immaterial variance is a discrepancy between the pleading and proof of a character so slight that the adverse party cannot say that he was misled thereby. (Sec. 9184.) A failure of proof results when the evidence offered so far departs from the cause of action pleaded that it may be said fairly that the allegations of the pleading in their general scope and meaning are unproved. (Sec. 9185.) If the variance is a material one, the court should permit the pleading to be amended, upon such terms as may be just. (Sec. 9187.) If the variance is immaterial, the court may direct the facts to be found according to the evidence, or may permit the pleading to be amended without the imposition of terms. (Sec. 9184.) If there is a failure of proof, of course there is no ground for amending, and the offending party is out of court.''

If there is such a divergence between the issues tendered by plaintiff and the evidence that it cannot be said that plaintiff has proved in substance the cause of action alleged, there is a variance which amounts to failure of proof. (*Gregory* v. *Chicago, M. & S. P. Ry. Co.*, 42 Mont. 551, 113 Pac. 1123.)

It is often difficult to determine whether a variance is or is not material. Clearly it is only where the divergence between the allegations of the complaint and the proof are substantial that a material variance can be said to exist. If the divergence is of detail rather than of substance and the proof sustains the general scope and meaning of the complaint, the variance is not material. (*Milwaukee Land Co.* v. *Ruesink*, 50 Mont. 489, 148 Pac. 396.) When there is doubt, the determinative question is: Has the pleader's adversary been misled to his prejudice in maintaining his cause of action, or defense, upon the merits?

When the allegations of the complaint and the proof in ▮ this case are brought to an ultimate analysis, it is seen that the real variance between the complaint and the proof is that it is alleged in the complaint that the fellow-servant dislodged a tie from the top of the pile which hit plaintiff, when in fact the fellow-servant dislodged the tie from the side of the car which fell and hit plaintiff. We think the

variance here was no greater, substantially, than it was in *Robinson* v. *Helena Light & Ry. Co.*, 38 Mont. 222, 99 Pac. 837, 842; *Wilcox* v. *Newman*, 58 Mont. 54, 190 Pac. 138, or *Stevens* v. *Hines*, 63 Mont. 94, 206 Pac. 441. In the *Robinson Case* this court said: "It does not appear that the defendant was misled so that it did not have present any witness that it would otherwise have had, or that counsel was surprised in the least. They did not make this contention at the trial, but only that the variance was substantial."

In the motion for nonsuit counsel did not suggest surprise at the alleged variance, nor that defendants had been actually misled in maintaining their defense on the merits by having to meet issues not pleaded. In view of the proof, it cannot be held that the variance was material within the meaning of section 9183 of the Codes. (*Stevens* v. *Hines*, supra; *Poindexter & Orr Live Stock Co.* v. *Oregon Short Line R. Co.*, 33 Mont. 338, 83 Pac. 886; *Frederick* v. *Hale*, 42 Mont. 153, 112 Pac. 70; *Rice* v. *Chicago, M. & S. P. Ry. Co.*, 59 Mont. 570, 197 Pac. 999; *Peabody* v. *Northern Pacific Ry. Co.*, 80 Mont. 492, 261 Pac. 261.)

Under the conditions shown, the court should have directed the trial to proceed. In the interest of accuracy it might have permitted the amendment sought in accordance with section 9184, supra.

3. But counsel for defendants insist that the judgment of nonsuit was proper for the reason that the facts proved by plaintiff are not sufficient to show negligence.

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done." (*Birsch* v. *Citizens' Elec. Co.*, 36 Mont. 574, 93 Pac. 940, 942; *Zanos* v. *Great Northern Ry. Co.*, 60 Mont. 17, 198 Pac. 138.)

Under the circumstances, did plaintiff's fellow-servant fail to exercise that degree of care which ordinary prudence required of him?

Plaintiff and his coemployee were fellow-servants employed ▮▮ by the defendants in interstate commerce, and if plaintiff was injured by the negligence of his fellow-servant the defendants are liable. The federal Employers' Liability Act abrogates the common-law fellow-servant rule, and places the negligence of a coemployee on the same basis as the negligence of the employer. (*Chesapeake & Ohio Ry. Co.* v. *De Atley*, 241 U. S. 310, 60 L. Ed. 1016, 36 Sup. Ct. Rep. 564; *Illinois Cent. R. R. Co.* v. *Skaggs*, 240 U. S. 66, 60 L. Ed. 528, 36 Sup. Ct. Rep. 249; *Stevens* v. *Hines*, supra.)

According to the testimony, plaintiff and his partner had been engaged in throwing the ties from the car, one lifting each end of the tie. Plaintiff said: "When we came to the last tie of the pile I was stooping down to pick it up and waiting for the Italian to take care of his end of the tie and I glanced around to see if he was doing his part. Instead I saw him barring the standing-up ties with a bar he had in his hand, as the ties were frozen and he was using a bar to pry them loose, and instantaneously the ties fell on me." If this is a true recital of what took place, and it must be accepted as true, the accident would not have happened at all but for the act of plaintiff's fellow-servant.

The question whether the plaintiff's fellow-servant was or was not negligent should have been submitted to the jury under appropriate instructions. (*Stevens* v. *Hines*, supra; *Puckett* v. *Sherman & Reed*, 62 Mont. 395, 205 Pac. 250; *Chapman* v. *United States Express Co.*, 192 Mich. 654, 159 N. W. 308; *Harsen* v. *Northern Pac. Ry. Co.*, 139 Wis. 186, 120 N. W. 826; *Vannest* v. *Missouri, K. & T. Ry. Co.*, 181 Mo. App. 373, 168 S. W. 782; *Baltimore & Ohio Ry. Co.* v. *Belinski*, 106 Md. 452, 67 Atl. 249.) The employee, while engaged in interstate commerce, does not agree, as between himself and his employer, to assume the risk of the negligence of his fellow-servant. (*Chesapeake & Ohio Ry. Co.* v. *De Atley*, supra; *San Pedro, L. A. & S. L. R. Co.* v. *Brown*, 258 Fed. 806, 8 A. L. R. 865, 170 C. C. A. 100.)

The judgment is reversed and the cause is remanded for a new trial.

ASSOCIATE JUSTICES FORD and ANGSTMAN concur.

JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument and take no part in the foregoing decision.