LINNEY, Respondent, *v.* CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD CO., Appellant.

(No. 7,033.)

(Submitted April 7, 1933. Decided May 2, 1933.)

[21 Pac. (2d) 1101.]

230

*Mr. Roy M. Keister* and *Messrs. Murphy & Whitlock,* for Appellant, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

*Mr. Walter Aitken,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to recover damages to an automobile, the property of plaintiff, resulting from a collision on a highway crossing at Three Forks, Montana, between the automobile and a string of railroad cars which was being moved in a westerly direction over the crossing.

The complaint was in two counts. In the first count of her complaint plaintiff alleged the corporate existence of, and ownership of the railroad tracks and yards by, the defendant through the corporate limits of the town of Three Forks; the existence of a public highway or street crossing the tracks of the defendant; and the use of the tracks by the defendant for the movement of trains and locomotives over the grade crossing. After alleging these facts, plaintiff alleged "that as plaintiff * * * while * * * using and driving said automobile on said highway with due care and caution over and across the tracks of the defendant at the point aforesaid, on the 13th day of November, 1931, the defendant so care-

lessly and negligently then and there operated and propelled one or more of its railroad cars upon and across said street and/or highway crossing that said railroad car and/or cars collided with said automobile and so damaged said automobile as to render it useless.'' Plaintiff further alleged damages in the sum of $700.

The second count of the complaint is identical with the first, with the exception that, after alleging the same facts with reference to the ownership and location of the railway and of the highway, it alleged that when the driver of the car approached the crossing he stopped, looked and listened, and used every ordinary care and precaution for his own safety and of the automobile, and in the exercise of such care proceeded over the crossing, and that defendant, through its servants and employees, carelessly, negligently and recklessly drove and propelled one or more of its railway cars into and upon the automobile on the crossing, and damaged the same. A further paragraph appears in the second count of the complaint, alleging that the employees saw, or in the exercise of ordinary care and caution could have seen, the automobile when it started over the crossing, and could have stopped the train in time to have prevented the collision, but which they did not do.

To this complaint the defendant demurred generally, and specially upon the ground of uncertainty. The demurrers were overruled, and the defendant answered.

The car was being driven by the husband of the plaintiff with her consent. At the time of the accident the driver of the car, together with a companion, were returning from Townsend to their homes at Belgrade. They proceeded along the highway until they approached the crossing of the highway over the tracks of the defendant at Three Forks. The defendant company had four parallel tracks at the point of crossing. The driver and his companion both testified that on the evening of November 13, 1931, they arrived at the crossing between 6:30 and 7 o'clock, stopped the car, lowered the window on the left-hand side, looked down the track, and observed on the

fourth track a string of cars which was not then in motion. They also saw a locomotive or electric motor in the vicinity of the depot, some 300 yards distant, with a headlight burning; but they were unable to testify as to whether or not this engine or motor was attached to the string of cars. After making these observations and hearing no whistle or bell or other noise indicative of an approaching or moving train or string of cars, they proceeded over the crossing. As they proceeded over it, the string of cars on the last track collided with the rear end of the automobile and carried it along the track until it came in contact with a power-line pole, and the moving string of cars crushed the automobile against the pole. They further testified that immediately preceding the impact of the train they heard a shout, "Look out," and the collision was almost simultaneous with the outcry. These witnesses testified that they did not see or hear any train or moving cars prior to the outcry; that they were moving over the crossing at a slow rate of speed, from ten to fifteen miles an hour; and that the string of cars was moving about as rapidly as a man would walk.

The cause was tried by the court sitting with a jury. Defendant moved for a nonsuit, which was granted as to the second cause of action, and denied as to the first cause of action. Defendant offered no evidence and moved for a directed verdict, which motion was denied. The trial resulted in a verdict in the sum of $400, and from the judgment entered thereon this appeal was perfected.

The defendant, by answering after the court's ruling on the special demurrer raising the question of uncertainty of the complaint, waived such objection, and the question thus raised may not be considered on appeal. (*Pue* v. *Wheeler*, 78 Mont. 516, 255 Pac. 1043; *Robinson* v. *F. W. Woolworth Co.*, 80 Mont. 431, 261 Pac. 253, 256; *McQuay* v. *McQuay*, 81 Mont. 311; 263 Pac. 683; *Holt* v. *Sather*, 81 Mont. 442, 264 Pac. 108; *Daly* v. *Swift & Co.*, 90 Mont. 52, 300 Pac. 265.)

The defendant insists that the complaint is insufficient to charge the defendant with negligence, in that "no

acts of negligence are alleged.'' The complaint must be liberally construed with a view to substantial justice between the parties. (*Johnson* v. *Herring,* 89 Mont. 156, 295 Pac. 1100; *Boyd* v. *Great Northern R. Co.,* 84 Mont. 84, 274 Pac. 293.) Whatever is necessarily implied in or is reasonably to be inferred from an allegation is to be taken as directly averred. (*Robinson* v. *F. W. Woolworth Co.,* supra; *Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714.)

A plaintiff seeking recovery for actionable negligence must allege in his complaint facts showing these three elements: (1) That defendant was under a legal duty to protect him from injury of which he complains; (2) that the defendant failed to perform this duty; and (3) that the injury was proximately caused by defendant's delinquency. (*Ellinghouse* v. *Ajax Livestock Co.,* 51 Mont. 275, 152 Pac. 481, L. R. A. 1916D, 836.)

In pleading a cause of action founded in negligence within the foregoing rules, the facts and not legal conclusions must be stated; and it is therefore necessary to set forth sufficient facts from which it can be said, as a matter of law, that the defendant owed to the injured party a duty arising from some legal relation existing at the time of the injury. (*Kakos* v. *Byram,* 88 Mont. 309, 292 Pac. 909.) However, it is unnecessary to allege the particular omission which renders the act negligent, provided negligence may reasonably be implied from the facts alleged. (*Johnson* v. *Herring,* supra; *Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439; *Robinson* v. *F. W. Woolworth Co.,* supra.) Nevertheless the facts must be stated by direct averment, so that the party who is to answer may understand the specific acts of remissness with which he is charged and that material issues may be framed for trial. (*Kakos* v. *Byram,* supra; *Stricklin* v. *Chicago etc. R. Co.,* 59 Mont. 367, 197 Pac. 839.) If a legal duty arises or may be readily inferred from the facts alleged, the plaintiff is not required to plead such declarations of law. (*Robinson* v. *F. W. Woolworth Co.,* supra.)

The plaintiff urges that the complaint is sufficient under certain decisions of this court, which we will now consider. In the case of *Thompson* v. *Shanley,* 93 Mont. 235, 17 Pac. (2d) 1085, 1087, it was said: "The sufficiency of a complaint must be determined from the facts alleged and not from the use of such terms as 'negligently, recklessly, carelessly,' etc." Neither is it "necessary to plead the particular omissions which render the acts complained of negligent." This language, however, was used with reference to a complaint in which the defendant was charged with driving his car at the rate of 40 miles per hour on the wrong side of the road.

In the case of *Robinson* v. *F. W. Woolworth Co.,* supra, this court said: " 'Negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which renders the act negligent.' (*Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439; *Smith* v. *Buttner,* 90 Cal. 95, 27 Pac. 29)." The complaint there contained allegations that the defendant placed oil upon the floors and aisles of its store, and negligently permitted the same to remain on the floor and failed to have any signs or signals of warning of the existence of the oil upon the floors, and that the oil caused the floors to be slippery and dangerous for use, and that the defendant invited the public to use and patronize its store.

In the case of *Johnson* v. *Herring,* supra, the plaintiff alleged in his complaint that the defendant was driving a truck in a certain alley in daylight, and had a plain and unobstructed view of the alley where Frank Johnson could be plainly seen; that it was well known to the defendants that children used the alley for the purpose of playing and walking thereon; that the defendants under these conditions in a negligent, careless and unlawful manner so operated a truck as to cause it to collide with and strike Frank Johnson, who suffered injuries resulting in his death. In addition, it was alleged that the defendants were in duty bound to operate the truck in a careful manner and with due regard for the safety of persons using the alley, and particularly said Frank Johnson.

In the first two cases, supra, there were clearly allegations charging the defendant with some act of negligence, although in general terms. In the *Johnson* v. *Herring Case* the act of negligence (that the driver failed to keep a lookout) was necessarily implied from the facts alleged. In this case (confining our discussion to the first count) no allegations are made as to when the collision occurred, daytime or night-time, nor as to whether or not the employees of the defendant could or did see plaintiff's automobile. The absence of these allegations renders this case distinguishable from *Johnson* v. *Herring,* supra. The facts are not alleged from which a reasonable inference of negligence can be indulged, unless force is given to the statement that the railroad car or cars were negligently, carelessly and recklessly operated. But, as noted above, these words as used were conclusions only, there being no fact alleged from which it may be reasonably inferred that the defendant was negligent.

The mere fact of a collision between a railway train and a vehicle at a highway crossing, standing alone, furnishes no basis for any inference as to whether the accident was caused by negligence of the railway company, or the traveler on the highway, or both, or without fault of anyone. (*Western & A. Ry.* v. *Henderson,* 279 U. S. 639, 49 Sup. Ct. 445, 73 L. Ed. 884.)

In all of the cases on which the plaintiff relies, some act of negligence was alleged, although in general terms, or necessarily inferred from the facts alleged.

A pleader may describe some act of negligence in language sufficiently broad to include any number of similar acts; but the mere description of some act which is not in itself, or when considered with other facts alleged, an act of negligence, does not become so by characterizing it as having been "negligently" done. To illustrate: If the plaintiff in this case had alleged that the defendant company in the operation of the cars did so without giving any warning of their approach to the driver of plaintiff's automobile, the complaint would have contained an allegation of negligence in general terms

which would render the complaint sufficient as against a general demurrer. The failure to give warning may have consisted of the failure to ring a bell, blow a whistle or display a light. The general term would be the failure to give warning; the specific act would be any one of the suggested omissions.

We therefore conclude that the first count of the complaint fails to state a cause of action.

As we shall presently see, it is unnecessary for us to now decide upon the sufficiency of the second count of the complaint.

Plaintiff has made cross-assignment of error seeking to review the ruling of the court in sustaining defendant's motion for a nonsuit ·as to the second cause of action. This cause of action was based on the theory of the last clear chance doctrine. One of the grounds of the motion was that the evidence was insufficient to prove a cause of action upon that theory.

A case calling for the application of this doctrine embodies three elements: (1) The exposed condition brought about by the negligence of plaintiff or the person injured; (2) the actual discovery by the defendant of the perilous situation of the person or property, in time to avert injury; and (3) the failure of defendant thereafter to use ordinary care to avert injury. All of these elements must concur, else the rule has no application (*Dahmer* v. *Northern Pac. R. Co.*, 48 Mont. 152, 136 Pac. 1059, 142 Pac. 209; *Anderson* v. *Missoula St. R. Co.*, 54 Mont. 83, 167 Pac. 841), except that in crossing cases, if the defendant in the exercise of ordinary care ought to have known that the injured person was in a position of peril, there need be no actual discovery in order to invoke the rule. (*Pollard* v. *Oregon Short Line R. Co.*, 92 Mont. 119, 11 Pac. (2d) 271.)

We cannot presume that on another trial the testimony will assume substantially the same condition as obtains in the record now before us. Therefore, no useful purpose would be served in attempting to determine the sufficiency of the

evidence in the light of the foregoing rules. We have stated the proper rules to be applied by the trial court, should this question again arise.

Plaintiff suggests in her brief that the transcript should not ▮ have been printed. It consists of only 103 pages, inclusive of the index. The judgment and verdict appear twice in the record. Plaintiff contends that the cost of printing the transcript should not be allowed as costs on this appeal, by reason of this alleged padding. Costs on appeal are discretionary where a new trial is granted. (Sec. 9791, Rev. Codes 1921.) Rule VI of this court requires transcripts to be printed only where in excess of 100 pages. The index, although required by the rules of this court, is not a part of the transcript proper within the meaning of this rule. The transcript, exclusive of the covers and index, is only 98 pages. It was unnecessary to duplicate the judgment and verdict. They should have been printed once, and thereafter where they appeared in the record, an appropriate reference is the proper practice under rule VII. Therefore the defendant will recover no item of cost for the printing of the transcript on this appeal.

The judgment is reversed and the cause remanded for a new trial, with direction to the trial court to sustain the general demurrer to the first count of plaintiff's complaint, and grant leave to the plaintiff to amend the same.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.

Rehearing denied May 22, 1933.