NOOL, Respondent, *v.* NORTHERN PACIFIC RAILWAY
CO., Appellant.

(No. 5,993.)

(Submitted November 12, 1926. Decided November 29, 1926.)

[251 Pac. 768.]

*Railroads — Automobiles — Crossing Accident — Negligence of
Defendants — Evidence — Sufficiency — Nonpresence of Con-
tributory Negligence—Appeal and Error—Invited Error.*

Railroads — Automobiles — Crossing Accident—Negligence—Evidence—
Sufficiency—Absence of Contributory Negligence.
    1. In an action for damages to an automobile caused by a colli-
sion on a November evening, with defendant's train at a crossing
it appeared that after the front wheels of the automobile, driven
by plaintiff, had crossed the first rail of the track its engine
stalled, and while endeavoring to start it he heard the whistle of
an approaching train; the lights of the automobile were burning.
Plaintiff ran toward the train signaling it to stop, meeting it some
300 feet away. The fireman testified he saw him 200 feet from the
crossing and that the brakes were applied at once. The train,
240 feet long, according to an expert witness, could have been
stopped within 250 feet; when it did stop its rear end was about
even with the demolished car. *Held,* that the jury were justified
in concluding that defendant's trainmen were negligent in not
stopping the train in time to avoid the accident, and that plaintiff
was not guilty of contributory negligence.

Same—Doctrine of Last Clear Chance—Nonreliance on Doctrine—Evi-
dence—Admissibility on Theory of Plaintiff.
    2. Where plaintiff did not rely upon the doctrine of the last
clear chance in his action for the destruction of his automobile
in a railway collision, and the evidence introduced by him was ad-
missible upon the theory of his complaint charging negligence in
failing to keep a proper lookout on the part of defendant com-
pany's trainmen, the court did not err in overruling defendant's
objections that it was inadmissible for the purpose of proving
liability under that doctrine.

Same—Injection of Doctrine of Last Clear Chance into Case by
Defendant—Instructions—Invited Error.
    3. Where plaintiff, not relying upon the doctrine of the last clear
chance, did not offer any instructions thereon, but defendant, in-
jecting that doctrine into the case, offered instructions relating
thereto which were refused, the court giving instead one of its

1. See 22 R. C. L. 965.
3. See 2 R. C. L. 238.

own over defendant's objection, the appellant having invited the alleged error, was not in a position to complain of the instruction given.

---

[1]   Railroads, 33 Cyc., p. 1087, n. 38; p. 1093, n. 63; p. 1110, n. 66.
[2]   Railroads, 33 Cyc., p. 1064, n. 57.
[3]   Appeal and Error, 4 C. J., sec. 2621, p. 711, n. 41.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

Action by Antone Nool against the Northern Pacific Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Messrs. Gunn, Rasch & Hall* and *Messrs. Walker & Walker,* for Appellant, submitted a brief; *Mr. Milton C. Gunn,* argued the cause orally.

*Mr. H. J. Freebourn,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Plaintiff brought this action against the defendant to recover the value of an automobile which he alleges the defendant through its negligence destroyed. In his complaint he alleged that on November 13, 1923, as he was driving his automobile over a public crossing of the defendant's railroad track, and without any fault on his part, the automobile stalled just as the front wheels of the automobile crossed the first rail of the track; that when he started across the track there was no train in sight and it was daylight; that he was unable to start the mechanism of the automobile and was unable to push the car from the track; that observing a train approaching he ran toward it waving his arms and yelling to the enginemen in charge of the train to stop; that the train did not stop before reaching the automobile but struck it, totally destroying it; that as the engine approached the crossing the enginemen,

whose duty it was to keep a lookout, saw the automobile standing upon the crossing and in a place of danger, or in the exercise of ordinary care should have seen it, and saw the plaintiff "running along said tracks waving his arms and yelling to them to stop said engine, when said engine and train was far enough from said automobile to have stopped said engine and train in time to have prevented said engine from striking the automobile"; that the destruction of the automobile "was proximately caused by the negligence and negligent acts of the said enginemen while acting within the course and scope of their duties as servants of said defendants, in this: that they negligently failed to stop said engine and train in time to and when such stopping would have prevented said accident; that they negligently failed to keep a proper lookout as they approached said crossing and automobile; that they negligently struck said automobile."

Defendant admitted that on the night of November 13, 1923, plaintiff drove his automobile upon the railway crossing and that when the front end of the automobile was within a few inches of the south rail of the crossing the automobile stopped; admitted that the plaintiff tried to stop the train, and admitted that the train struck and damaged the automobile, but denied any knowledge or information thereof sufficient to form a belief as to the amount of the damage. The defendant then pleaded contributory negligence on part of the plaintiff. The affirmative allegations of the answer were met by reply.

At the close of all the testimony the defendant moved for a directed verdict which was overruled. The cause was then submitted to the jury which found for the plaintiff. The court entered judgment upon the verdict and the defendant appealed.

The plaintiff's evidence tended to show that about half-past [1] 6 on the evening of November 13, 1923, he attempted to drive over the crossing when his engine stalled just as the front wheels of the automobile crossed the first rail of the track. While vainly striving to start the mechanism he heard the whistle of an oncoming train. He sprang from his

car and tried to push it from the track, but without result. He then ran along the railroad track toward the train waving his arms and yelling in an attempt to stop the train. The lights of the automobile were burning. When plaintiff met the engine he was distant from the stalled automobile about 300 feet. The train consisted of an engine and three coaches. When it was brought to a stop the rear end of the train was almost even with the automobile. Plaintiff had a conversation with the engine fireman, saying he had tried to stop the train, to which the fireman replied he had seen plaintiff running toward it. Upon cross-examination plaintiff testified that "the train was running something around twelve or fifteen miles an hour at the time of the accident." A witness who had himself run trains over the railroad track where the accident occurred, testified that a train similar to the one which caused the accident, upon a similar track, going at a speed of from twelve to fifteen miles per hour, should be stopped in 250 feet.

The fireman testifying as a witness for the defendant said: "I did observe the plaintiff prior to reaching the crossing; he was running up the track toward us and as near as I can figure he was about 200 feet away from the crossing. When I saw the man I yelled to the engineer at the other side to dynamite the train, to put the train in emergency, that there was a man on the track and I saw the automobile about the same time and the engineer applied his brakes immediately. The first time I saw the automobile on the crossing was right after I saw the man running up the track; the brakes were applied the time I saw the automobile; I called to the engineer before I saw the automobile."

The train was about 240 feet long. If the testimony of the plaintiff is taken, the engine ran approximately 540 feet after the fireman was warned; if the fireman's testimony is taken, the engine ran 440 feet after the warning. In this state of the case we are not in a position to say that the jury was not justified in concluding that the trainmen were negligent in not stopping the train before it reached the automobile.

Clearly the defendant did not sustain its defense that plaintiff was guilty of contributory negligence.

The main contention in the case, however, is that the court [2] erred in "overruling defendant's objections to and in admitting evidence for the purpose of proving liability under the doctrine of the last clear chance." The defendant contended at the trial and contends upon this appeal that the allegations of the complaint do not warrant the application of that doctrine, citing *Stricklin* v. *Chicago, M. & St. P. Ry. Co.*, 59 Mont. 367, 197 Pac. 839, and cases cited in that opinion. The plaintiff did not and does not assert his reliance upon that doctrine. Defendant's position on this feature of the case therefore will be admitted. But after a careful examination of plaintiff's testimony, we are of the opinion that all of it was properly admitted upon the theory that the complaint charged the defendant's servants with negligence in failing to keep a proper lookout as the train approached the crossing and in failing to stop the train in time to prevent the accident. (*Fisher* v. *Butte Electric Ry. Co.*, 72 Mont. 594, 235 Pac. 330.) Throughout the trial counsel for defendant, while contending that the complaint was insufficient to permit the plaintiff to rely upon the doctrine of the last clear chance (upon which, so far as we are able to ascertain from the record, the plaintiff did not rely), seemingly objected to the admission of the evi-[3] dence upon that ground alone. The testimony having been concluded plaintiff did not offer any instructions relating to the doctrine of the last clear chance. Instruction 5A, given at defendant's request, relating to contributory negligence on part of the plaintiff, told the jury if such negligence did appear in plaintiff's case, he could not recover unless the jury found from the evidence "that the defendant is liable under the last clear chance doctrine, which is defined and explained elsewhere in these instructions." The same general proposition is found in Instruction 7A, given at defendant's request. Defendant also requested instructions denominated 2A and 8A, in which the last clear chance doctrine is explained at length. These

the court refused, giving instead, of its own motion, Instruction 1B, in which the court defined the last clear chance doctrine. It is not asserted that 1B is incorrect. The objection to it was that "it fails to state the law applicable to the facts in this case, and in fact leaves it to the jury as to whether the doctrine of last clear chance is involved in this case."

The doctrine of the last clear chance was injected into the case by the defendant, not by the plaintiff. Having itself caused the court to instruct the jury respecting that doctrine the defendant is not now in a position to urge that the court erred in so doing.

The judgment is affirmed.

*Affirmed.*

Associate Justices Galen, Stark and Matthews and Honorable Henry G. Rodgers, District Judge, sitting in place of Mr. Justice Holloway, absent on account of illness, concur.

Rehearing denied December 20, 1926.